**Entered on Docket**
**July 02, 2010**

_____
HON. JOHN L PETERSON
U.S. BANKRUPTCY JUDGE

MARTIN J. BRILL (Calif. Bar No. 53220) mjb@lnbrb.com
DAVID B. GOLUBCHIK (Calif. Bar No. 185520) dbg@lnbrb.com
KRIKOR J. MESHEFEJIAN (Calif. Bar No. 255030) kjm@lnbrb.com
LEVENE, NEALE, BENDER, RANKIN & BRILL L.L.P.
10250 Constellation Blvd., Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244

*Proposed Reorganization Counsel for Chapter 11 Debtor and Debtor-in-Possession*

Bruce T. Beesley (NV Bar No. 1164) bbeesley@lrlaw.com
LEWIS AND ROCA LLP
Bank of America Plaza
50 West Liberty Street, Suite 410
Reno, Nevada 89501
Telephone: (775) 823-2900

*Proposed Co-Counsel for Chapter 11 Debtor and Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

In re:

WESTERN UTAH COPPER COMPANY,

Debtor and Debtor-in-Possession.

Case No. 10-51913-GWZ
Chapter 11

**AMENDED ORDER RE: MOTION FOR ENTRY OF AN INTERIM ORDER AUTHORIZING DEBTOR TO OBTAIN POST-PETITION FINANCING PURSUANT TO 11 U.S.C. § 364 AND RULE 4001 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

Hearing:
Date: June 23, 2010
Time: 10:30 a.m.

1

THIS MATTER having come before the Court, on shortened time, on the request for approval of an immediate interim advance with respect to the Motion, filed by Western Utah Copper Company (the "Debtor"), For Entry Of An Order Authorizing Debtor To Obtain Post-Petition Financing Pursuant To 11 U.S.C. § 364 and Rule 4001 Of The Federal Rules Of Bankruptcy Procedure (the "DIP Motion"); and the Court having considered the DIP Motion and related pleadings, oppositions, motion in limine, and the argument of counsel, including the telephonic hearing held on July 2, 2010 at 1:30 p.m. (Pacific time), and for good cause appearing, the Court enters the following FINDINGS:

A.  On May 18, 2010 (the "Petition Date"), the Debtor filed a voluntary petition for relief with this Court under Chapter 11 of the Bankruptcy Code (the "Chapter 11 Case"). The Debtor is continuing in possession of its property, and operating and managing its business, as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

B.  On June 4, 2010, the Official Committee of Unsecured Creditors (the "Committee") was appointed in the Debtor's case.

C.  Copper King Mining Corporation ("CPRK"), a Nevada corporation, is a public company traded on the "Pink Sheets" under the symbol of CPRK.

D.  The Debtor, a Utah corporation, is a wholly-owned subsidiary of CPRK and engaged in owning, exploring and excavation mining and mineral rights in the state of Utah.

E.  The Debtor's real property and personal property assets are encumbered by liens and security interests in favor of third parties.

F.  Other than avoidance actions under Chapter 5 of the Bankruptcy Code and proceeds therefrom, the Debtor does not own substantial and valuable assets which are not otherwise encumbered by liens and security interests.

1     G.     The Debtor's operations are at a standstill and the Debtor currently is not either operating its facilities or engaged in any mining operations.

    H.     On June 2, 2010, the Debtor filed its DIP Motion with supporting declarations of A. John A. Bryan, Jr., Marcus Southworth, O. Jay Gaten, David Hartshorn, and Michael G. Nelson, Ph.D., requesting approval of a post petition Debtor in Possession Financing in an amount not to exceed $15,000,000 (the proposed "DIP Facility"), $1,100,000 of which to be provided on an interim basis ("Interim DIP Financing") pursuant to that certain Debtor-In-Possession Financing And Security Agreement ("DIP Loan Documents").

    I.     On June 2, 2010, the Debtor filed its Motion For Order Shortening Notice Period For Hearing On the Motions ("Emergency Motion") pursuant to which the Debtor identified four (4) items of alleged emergency concern, namely, utilities, insurance, security and a premium on a reclamation bond.

    J.     On June 4, 2010, the alleged first priority secured creditors ("Secured Creditors")[1] filed their *First Priority Secured Lenders' Opposition to Motion for Order Shortening Notice Period for Hearing on Debtor's Motion for Entry of an Order Authorizing Debtor to Obtain Post-Petition Financing Pursuant to 11 U.S.C. § 364 and Rule 4001 of the Federal Rules of Bankruptcy Procedure* [Doc. No. 41].

    K.     On June 4, 2010, Nevada Star Resource Corporation ("Nevada Star") filed its *Objection to Debtor's Motion for Hearing on Postpetition Financing on Shortened Notice* [Doc. No. 42].

---

[1] DDB Utah, LLC; The Raymond W. Schmelzer Marital Trust; TopNotch Investments, LLC; Rodney Evan Schmelzer; Brent Thomas Bingham; Bridge Loan Capital Fund, LP; Devin Durrant DPI College, LC; Milford Copper Investors II, LLC; Reynolds Brothers, Inc.; and Milford Investors, LLC Investors, LLC

3

L. On June 4, 2010, and without conducting a hearing, the Court entered its Order denying the Debtor's Motion for Order Shortening Notice Period for Hearing on the Motions.

M. On June 17, 2010, the Committee filed its Motion to Reconsider the Order Denying Motion For Order Shortening Notice Period For Hearing On Debtors Motion For Entry Of An Order Authorizing Debtor To Obtain Post-Petition Financing Pursuant To 11 U.S.C. § 364 And Rule 4001 Of The Federal Rules Of Bankruptcy Procedure (the "Reconsideration Motion"), including declarations in support thereof, in the Debtor's case.

N. On June 17, 2010, the Secured Creditors filed their *Ex-Parte Motion to Shorten Time for Debtor to respond to Discovery Requests Regarding the DIP Financing Motion* [Doc. No. 89] and on June 17, 2010, the Secured Creditors filed their *Certificate of Service Regarding First Set of Requests for Production of Documents Propounded by the First Priority Secured Creditors to Western Utah Copper Company Regarding the DIP Financing Motion* [Doc. 81]. Subsequently, the Secured Creditors also served subpoenas duces tecum upon Altus Metals, LLC ("Altus") and upon its affiliate, Empire Advisors, LLC ("Empire").

O. On June 18, 2010, the Secured Creditors filed their *Memorandum in Opposition to Motion for Reconsideration of Order Denying Motion for Order Shortening Notice Period for Hearing on Debtor's DIP Financing Motion* [Doc. No. 95].

P. On June 18, 2010, and without conducting a hearing, the Court entered its Order approving the Reconsideration Motion and scheduled a hearing on the Emergency Motion for June 23, 2010 at 10:30 a.m. in Reno, Nevada

Q. On June 21, 2010, Nevada Star filed its *NSRC's Objection to Debtor's Motion for an Order Authorizing DIP Financing* [Doc. No. 105].

R. On June 22, 2010, the Secured Creditors filed their *Memorandum in Opposition to Debtor's Emergency DIP Financing Motion [Doc. No. 32]* [Doc. No. 113], as well as their *Motion*

4

*in Limine to Preclude Introduction of Evidence Irrelevant to Relief Sought in Doc. No. 29 at the Court's Emergency Hearing on the Debtor's Motion for Authority to Obtain DIP Financing Scheduled for June 23, 2010* [Doc. No. 111], *Motion to Strike Hearsay Representations in the Declaration of A. John A. Bryan in Support of the Debtor's DIP Financing Motion [Doc. No. 33]* [Doc. No. 110] and *Motion for Court to Take Judicial Notice of the Debtor's Schedules and Statement of Financial Affairs at the Emergency Hearing on the Debtor's Motion for Authority to Incur Debtor in Possession Financing* [Doc. No. 109]

S. On June 22, 2010, the Debtor filed its *Supplement to Debtor's Motion for Entry of an Order Authorizing Debtor to Obtain Post-Petition Financing Pursuant to 11 U.S.C. § 364 and Rule 4001 of the Federal Rules of Bankruptcy Procedure* [Doc. No. 114], which contained a revised interim budget for emergency DIP financing (the "Proposed Interim DIP Budget").

T. Also on June 22, 2010, the Committee filed its *Limited Objection to Motion for Entry of an Order Authorizing Debtor to Obtain Post-Petition Financing Pursuant to 11 U.S.C. § 364 and Rule 4001 of the Federal Rules of Bankruptcy Procedure and Reservation of Rights* [Doc. No. 112]

U. On June 23, 2010, the Debtor filed the *Declaration of Edwin Reese Davis, Jr. in Support of Debtors Motion for Entry of an Order Authorizing Debtor to Obtain Post-Petition Financing Pursuant to 11 U.S.C. § 364 and Rule 4001 of the Federal Rules of Bankruptcy Procedure* [Doc. No. 115]

V. At the hearing on June 23, 2010, the Debtor orally modified the Proposed Interim DIP Budget and reduced the same to the items and amounts shown on Exhibit "1" which is attached hereto ("Interim Budget").

W. As set forth in the Declarations of A. John A. Bryan, Jr. and Marcus Southworth, as well as testimony presented by A. John A. Bryan, Jr. in Court, the Debtor lacks funds in order

5

1  to maintain and preserve the assets of its estate and, further, that the Debtor is unable to obtain

2  unsecured credit for the Interim DIP Financing allowable under Bankruptcy Code 503(b)(1) as an

3  administrative expense, and that such financing on a post-petition basis is not otherwise available

4  without securing such indebtedness and obligations with the security interest in and the liens upon

5  the property described below pursuant to Section 364(d) of the Bankruptcy Code.

6

7  X.  The Debtor's need for the Interim DIP Financing pursuant to the Interim Budget is

8  immediate.

9  Y.  In connection with the Emergency Motion, and in consideration for the Interim

10  DIP Loan, the Debtor has not offered, and does not have the ability to provide, the Secured

11  Creditors with either (a) a replacement lien on any other property, (b) interim payments, (c) third

12  party guaranties or any other adequate protection, other than the proposed expectation that the

13  expenditures under the Interim Budget will avoid a diminution in the value of the assets that

14

15  exceeds the amount of the proposed expenditures.

16  Z.  The Secured Creditors and Nevada Star opposed the Emergency Motion and did

17  not consent to the Interim Budget.

18  Based upon the foregoing findings and conclusions, and upon the record made before this

19  Court, and good cause appearing:

20

21  **IT IS HEREBY ORDERED** as follows:

22  1.  <u>Authorization for Borrowing.</u>  Debtor is authorized to borrow from Altus and from

23  Secured Creditors, as provided below, an amount not to exceed the principal amount of $300,000

24  (the "Approved Interim DIP Financing"), consisting of $250,000 to the Debtor pursuant to a

25  budget approved by Altus (the "Budget") and reimbursement of Altus' costs and expenses in the

26  amount of $50,000. The Debtor shall provide a copy of the Budget to counsel for the Secured

27  Creditors. The Debtor has the right to receive, on a *pari passu* basis, $42,000 in funding from the

28

1  Secured Creditors, to be included in the $250,000 advance from Altus. Such advances must be
2  received by the Debtor not later than 12:00 p.m. (Pacific time) on July 6, 2010 and shall be
3  governed by the terms of this Order.
4      2.    <u>Priming Lien and Superpriority Treatment for Advances</u>. All of the obligations of
5  
6  the Debtor under the Approved Interim DIP Financing shall constitute an allowed administrative
7  expense claim in the Debtor's bankruptcy case pursuant to Section 364(c)(1) of the Bankruptcy
8  Code having priority over all administrative expenses of any kind; and shall be secured by an
9  enforceable first priority priming lien pursuant to Section 364(c)(2) and (d)(1) of the Bankruptcy
10 Code on all of the existing and after-acquired assets of the Debtor of any kind or nature except
11 claims and avoidance actions under Chapter 5 of the Bankruptcy Code. Such priming liens shall
12 not attach to any property which is not property of the Debtor.
13 
14     3.    <u>Interest Rate</u>. Interest on funds advanced under the Approved Interim DIP
15 Financing shall accrue interest at 12.99% per annum, compounded monthly, subject to an increase
16 of 5% from and after any Event of Default, as that term is defined in the DIP Loan Documents.
17     4.    <u>Term</u>. The Approved Interim DIP Financing shall be due and payable in full on
18 the earlier of (a) June 28, 2011; (b) dismissal or conversion of either of the Cases; (c)
19 confirmation of a plan of reorganization in either of the Cases; or (d) appointment of a trustee in
20 either of the Cases.
21 
22     5.    <u>Debtor's Waiver</u>. Debtor, and only the Debtor, acknowledges the validity and
23 enforceability of pre-petition financing documents of Empire and Altus (collectively, the "Altus
24 Parties"), as well as the validity of any related liens and security interests as to the Debtor's assets
25 described therein. Debtor, and only the Debtor, further waives and releases any defenses, claims,
26 objections, or counterclaims with respect to the claims, liens or security interests of the Altus
27 Parties and Debtor acknowledges the enforceability by the Altus Parties of all pre-petition
28 

7

contracts relating to the Altus Parties' transactions. The acknowledgments, waivers and releases provided by this paragraph are immediately effective as to the Debtor, but are not binding upon other parties in interest, including, without limitation, the Official Committee of Unsecured Creditors, absent further order of the Court, and all estate claims and causes of action are expressly preserved herein.

6. <u>No Modification or Stay of this Order</u>. Altus and the Secured Creditors are deemed good faith lenders and entitled to the protections of 11 U.S.C. § 364(e). If any or all of the provisions of this Order are hereafter reversed, modified, vacated, or stayed, such act shall not affect the validity and enforceability of any lien or priority authorized or created hereby.

7. <u>Final Hearing</u>. A final hearing has not been scheduled by the Court pending transfer of venue of the Cases to Utah and the currently scheduled July 23, 2010 hearing is hereby taken off calendar.

8. <u>Controlling Effect of Order</u>. To the extent any provisions in this Order conflict with any provisions of DIP Motion or the Emergency Motion, the provisions of this Order shall control.

9. Nothing in this Order shall constitute an adjudication on the merits of the DIP Motion in connection with any final hearing thereon.

10. Nothing in the Order shall bar or otherwise estop the Committee from challenging the propriety, extent and/or validity of any claim or lien held and/or asserted in the Debtor's bankruptcy case or otherwise commence or prosecute any estate actions.

///

///

///

11. <u>Order Effective</u>. This Order shall be effective as of the date of signature by the Court.

**IT IS SO ORDERED.**

Submitted by:

MARTIN J. BRILL
DAVID B. GOLUBCHIK
KRIKOR J. MESHEFEJIAN
**LEVENE, NEALE, BENDER, RANKIN & BRILL L.L.P.**
10250 Constellation Blvd., Suite 1700
Los Angeles, California 90067

Bruce T. Beesley
LEWIS AND ROCA LLP
Bank of America Plaza
50 West Liberty Street, Suite 410
Reno, Nevada 89501

9

# EXHIBIT 1

| Category | Estimated Budget (subject to modification) |
|---|---|
| Security | $34,000 |
| Maintenance of facilities | $18,000 |
| Utilities | $66,000 |
| Insurance | $42,000 |
| Maintenance of mill | $45,000 |
| Investigation | $30,000 |
| SUBTOTAL | $235,000 |
| Hartshorn | $15,000 |
| SUBTOTAL | $250,000 |
| Fees | $50,000 |
| TOTAL | $300,000 |