MARTIN J. BRILL (Calif. Bar No. 53220) mjb@lnbrb.com
DAVID B. GOLUBCHIK (Calif. Bar No. 185520) dbg@lnbrb.com
KRIKOR J. MESHEFEJIAN (Calif. Bar No. 255030) kjm@lnbrb.com
**LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.**
10250 Constellation Blvd., Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244

*Proposed Reorganization Counsel for Chapter 11 Debtor and Debtor-in-Possession*

STEVEN R. SKIRVIN (Utah Bar No. 7626)
**DION-KINDEM & CROCKETT**
10808 S. River Front Parkway, Suite 334
South Jordan, UT  84095
Telephone: (801) 984-8045
Facsimile: (801) 984-4315
Email: srs@dkclaw.com

*Proposed Local Counsel for Chapter 11 Debtor and Debtor-in-Possession*

## IN THE UNITED STATES BANKRUPTCY COURT
## DISTRICT OF UTAH

| | |
|---|---|
| In re: | Case No. 10-29159-WTT |
| Western Utah Copper Company, | Chief Judge William T. Thurman |
| Debtor and Debtor-in-Possession. | Chapter 11 |

## DEBTOR'S APPLICATION TO EMPLOY THE WATLEY GROUP, LLC AS CONSULTANT AND INVESTMENT BANKER TO DEBTOR

WESTERN UTAH COPPER COMPANY, the above-named Chapter 11 debtor

and debtor in possession (the "Debtor"), in accordance with 11 U.S.C. § 327 and Rule

2014 of the Federal Rules of Bankruptcy procedure, hereby applies (the "Application")

for authority to employ THE WATLEY GROUP ("Watley") as consultant and

1

investment banker to the Debtor. In support of this Application, the Debtor submits the
Declaration of A. John A. Bryan, Jr. (the "Bryan Declaration") filed concurrently
herewith and respectfully states as follows:

## I.

### Jurisdiction And Venue

1.  The Court has jurisdiction to hear this Application pursuant to 28 U.S.C.
§§ 1334 and 157. This Application represents a core proceeding pursuant to 28 U.S.C. §
157(b)(2)(A) and (O). Venue of this case and of this Application is proper before this
Court pursuant to 28 U.S.C. §§ 1408 and 1409. This Application is made pursuant to 11
U.S.C. §§ 327, 328, 330 and Rule 2014 of the Federal Rules of Bankruptcy Procedure.

## II.

### Background Information

2.  The Debtor commenced its bankruptcy case by filing a Voluntary Petition
under Chapter 11 of the Bankruptcy Code on May 18, 2010 ("Petition Date"), in the
United States Bankruptcy Court for the District of Nevada (the "Nevada Court"). On
July 8, 2010, the Debtor's case was transferred to the United States Bankruptcy Court for
the District of Utah (the "Utah Court"). The Debtor is managing its financial affairs as a
debtor in possession pursuant to 11 U.S.C. §§ 1107 and 1108.

3.  No trustee or examiner has been appointed in this case.

4.  The Debtor is the wholly-owned subsidiary of Copper King Mining
Corporation ("CKMC"). CKMC is also a Chapter 11 debtor and debtor in possession in a
bankruptcy case that was pending before the Nevada Court. The CKMC case is in the

2

process of being transferred to this Court.

5.      Watley has expended significant time and resources acting as the Debtor's proposed financial consultant and investment advisor while this case was pending in the Nevada Court.

### III.

### Relief Requested

6.      The Debtor respectfully requests that the Court enter an order granting the Application to employ Watley as the Debtor's financial consultant and investment banker, including the placement of A. John A. Bryan, Jr. ("Bryan") as Chief Executive Officer ("CEO") of the Debtor.

### IV.

### Basis For Relief Requested

7.      The Debtor requires the services of Watley, which includes the placement of A. John A. Bryan, Jr. (the principal of Watley) ("Mr. Bryan") as Chief Executive Officer ("CEO") of the Debtor, Steve Durbin as investment banker, Chris Olin as financial modeling analyst, and Laurens Nuyens as head of administrative services. In that regard, the Debtor seeks to employ Watley as its consulting and investment banking firm and Mr. Bryan as its CEO, at the expense of its bankruptcy estate, and to have its employment of Watley and Mr. Bryan be deemed effective as of the commencement of its Chapter 11 case.

8.      The Debtor seeks to employ Watley to render, among others, the following types of professional services:

a.      conducting a strategic planning seminar with certain of the Debtor's senior management, directors, lenders and consultants;

b.      conducting a market analysis of debt and equity markets to help validate the Debtor's strategic plan and operating strategy;

c.      advising and assisting the Debtor in executing a comprehensive business plan by recommending to the Debtor's Board of Directors the necessary organizational structure, personnel, and assignment of responsibilities;

d.      analyzing and quantifying alternative structures for equity and/or debt or equity-like structures that will meet the Debtor's cash needs in accordance with the Debtor's business plan;

e.      preparing and updating a financial plan and business plan for the Debtor designed to optimize the value of the Debtor;

f.      preparing and updating the Debtor's SEC filings with the intent of becoming a fully reporting public company;

g.      raising up to $20 million of capital capital in the form of debtor in possession financing to fund short term needs, as well as finding up to $75 million of permanent capital to fund a plan of reorganization. Such debtor in possession loans or permanent capital shall be in any combination of one or more series of debtor-in-possession loans or debt/equity funding on terms and conditions acceptable to, and subject to the approval of the Court and the Debtor (the "DIP Loans").

h.      managing negotiations and documentation of post-petition financing agreements;

      i.     reviewing any placement documents necessary to distribute to parties in interest;

      j.     advising and assisting the Debtor in evaluating potential acquisitions, and working closely with the Debtor to perform analyses, plan financing, raise capital, and negotiating any acquisition or merger terms;

      k.     overseeing and reviewing the preparation of all financial data and reports including the Debtor's cash flow projections; and

      l.     providing all other financial advisory, as well as CEO turnaround and restructuring services as needed by the Debtor.

9.     Watley is a management consulting firm that specializes in investment banking services, restructuring public and private companies in Chapter 11, as well as providing crisis management services and developing and implementing corporate strategy. Watley and Mr. Bryan have served as consultants/officers for restructurings and corporations in Chapter 11 on numerous prior occasions. Attached to the concurrently filed Declaration of Mr. Bryan (the "Bryan Declaration") as Exhibit "1" is a copy of Watley's firm resume which includes a listing of Watley's bankruptcy and restructuring representations.

10.     The initial term of Watley's engagement is for a period of one year or until the effective date of a plan of reorganization, whichever occurs first. If a plan of reorganization has not become effective before the expiration of the one year period, the retention of Watley will be automatically renewed for additional 90-day periods, without any further action by the Debtor or Watley.

11.     During the one-year period prior to its Chapter 11 filing, the Debtor did not pay any money to Watley. On or about May 19, 2010, Marcus Southworth, the President and a director of the Debtor, caused to be delivered to proposed bankruptcy counsel for the Debtor the sum of $70,000 for the payment of retainers to the professionals proposed to be employed in this and WUCC's bankruptcy cases, to be allocated as follows.   The sum of $25,000 was forwarded to The Watley Group ("Watley") as a retainer for Watley for this and the WUCC bankruptcy case.

12.     Watley negotiated the amount of the Retainer with the Debtor based upon a number of factors including, but not limited to, the size and complexity of the Debtor's case, the time that Watley expects to put forth in the Debtor's case, the limited amount of funds the Debtor had at the time of its bankruptcy filing, and the expected availability of funds to pay Watley's fees and expenses incurred in excess of the Retainer.

13.     Watley has not been paid any fees by the Debtor other than the Retainer. Watley has not received any lien or other interest in property of the Debtor or of a third party to secure payment of Watley's fees or expenses.

14.     Pursuant to Watley's engagement agreement with the Debtor, the Debtor shall pay to Watley a post-petition retainer of $100,000 from any DIP Loans.

15.     Pursuant to Watley's engagement agreement with the Debtor, the Debtor shall pay to Watley a monthly consulting fee of $50,000 from any DIP Loans.

16.     Watley shall manage the process of raising capital and shall negotiate with all interested potential lenders and investors for DIP Loans as well as permanent financing. In regard to any equity/debt/ or DIP Loan received by the Debtor during the

term of Watley's agreement with the Debtor, the Debtor will pay to Watley a cash fee equal to five and one quarter percent (5.25%) of the aggregate gross proceeds received by the Debtor. Watley may use a portion of the fee (up to 2.25% of the gross proceeds) to pay finders fees to parties that have been instrumental in raising the DIP Loans for the Debtor ("Finder's Fees"). The total amount and allocation of the Finder's Fees will be at the sole discretion of Watley.

17.    Watley will be reimbursed for all reasonable travel and out-of-pocket expenses incurred directly related to the engagement of Watley as consultant to the Debtor. The engagement agreement between Watley and the Debtor is attached as Exhibit "2" to the Bryan Declaration.

18.    Watley understands the provisions of 11 U.S.C. Sections 327, 328, 330 and 331 which require, among other things, Court approval of the Debtor's employment of Watley as consultant for the Debtor and of all legal fees and reimbursement of expenses that Watley will receive from the Debtor and its estate. Given that Watley is being paid a fixed fee on a monthly basis, Watley requests that such fixed fees be paid to Watley on a monthly basis, but remain subject only to approval pursuant to a final fee application filed with the Court.

19.    Both the Debtor and CKMC seek to retain Watley as consultant. Neither the Debtor nor CKMC believe that this creates any conflict. Rather, Watley's proposed representation of the Debtor and CKMC will benefit the Debtor's estate because Watley's joint-representation will be cost-effective for the Debtor's (and CKMC's) estate.

20.    As set forth in the Bryan Declaration, to the best of Watley's knowledge,

Watley does not hold or represent any interest adverse to the Debtor or its estate, and Watley is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code. Also, to the best of Watley's knowledge, other than as set forth above and in the Bryan Declaration, Watley has no prior connection with the Debtor, any creditors of the Debtor, or any other party in interest in this case, or their respective attorneys or accountants, the United States Trustee or any person employed by the United States Trustee.

21.     To the best of the Debtor's knowledge, neither Watley nor Bryan have an undisclosed connection with the Debtor, or any one of its creditors or any party in interest, or their respective attorneys or accountants, or any other interest adverse to the estate.

22.     To the best of the Debtor's knowledge, Watley and Bryan are disinterested persons as provided in Bankruptcy Code § § 101(14) and 327 and do not represent or hold an undisclosed interest adverse to the Debtor or the estate.

23.     The Debtor believes that its employment of Watley upon the terms and conditions set forth above is in the best interests of its estate.

///

///

///

///

///

///

8

## V.

### Prayer For Relief

**WHEREFORE**, the Debtor respectfully requests that the Court approve the Debtor's employment of Watley as its financial consultant and investment banker, and Bryan as the Debtor's CEO, upon the terms and conditions set forth above, with such employment to be effective as of the Petition Date.

Dated: July 29, 2010          WESTERN UTAH COPPER COMPANY,

Debtor and Debtor in Possession

By:_____
A. John A. Bryan, Jr., CEO

Presented By:

LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.

By:_____
MARTIN J. BRILL
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
Proposed Attorneys for Chapter 11 Debtor and Debtor in Possession