MARTIN J. BRILL (Calif. Bar No. 53220) mjb@lnbyb.com
DAVID B. GOLUBCHIK (Calif. Bar No. 185520) dbg@lnbyb.com
KRIKOR J. MESHEFEJIAN (Calif. Bar No. 255030) kjm@lnbyb.com
**LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.**
10250 Constellation Blvd., Suite 1700
Los Angeles, California 90067
Telephone:  (310) 229-1234
Facsimile:  (310) 229-1244

*Proposed Reorganization Counsel for Chapter 11 Debtor and Debtor-in-Possession*

STEVEN R. SKIRVIN (Utah Bar No. 7626)
**DION-KINDEM & CROCKETT**
10808 S. River Front Parkway, Suite 334
South Jordan, UT  84095
Telephone: (801) 984-8045
Facsimile: (801) 984-4315
Email: srs@dkclaw.com

*Proposed Local Counsel for Chapter 11 Debtor and Debtor-in-Possession*

**IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF UTAH**

| In re: | Case No. 10-29159-WTT |
|---|---|
| Western Utah Copper Company, | Chief Judge William T. Thurman |
| Debtor and Debtor-in-Possession. | Chapter 11 |

**DEBTOR'S MOTION FOR AN ORDER SUBSTANTIVELY CONSOLIDATING
<u>CHAPTER 11 BANKRUPTCY CASES</u>**

WESTERN UTAH COPPER COMPANY, the above-named Chapter 11 debtor and debtor in possession ("WUCC") hereby moves (the "Motion") for an order substantively consolidating the Debtor's estate with that of its affiliate, Copper King Mining Corporation ("CKMC"), Chapter 11 Case No. 10-30002-WTT. A reciprocal motion has been filed in CKMC's bankruptcy case.

As discussed in detail in the accompanying Memorandum of Law and supporting Declaration, WUCC is a wholly-owned subsidiary of CKMC. Ever since WUCC became a wholly-owned subsidiary of CKMC, both companies operated pursuant to the same management team, with the board of directors and officers of CKMC acting as the board of directors and officers of WUCC. The names and identities of both entities were used interchangeably with respect to third party vendors and customers. CKMC never had a bank account and all of its obligations and expenses were routinely paid through WUCC, even though CKMC raised a substantial amount of the companies' capital. The companies did not maintain separate books and records. The primary obligations of WUCC are guaranteed by CKMC.

Based upon the foregoing, WUCC and CKMC (collectively, the "Debtors") are seeking substantive consolidation of both estates. The Debtors believe that it would be an expensive exercise in futility to attempt to separate the two estates and to apportion certain debts and assets between the estates. It is extremely unlikely that the majority of creditors of the estates are even cognizant that two legal entities exist. Furthermore, the Debtors believe that it would be improper now to create artificial boundaries where no boundaries existed pre-petition. This would elevate form over substance in a way which

would serve only to confuse, not benefit creditors of each estate. In addition, shepherding two separate estates through the bankruptcy process will create a level of administrative expense that can be obviated by consolidating the estates. The Debtors believe that the proper course of action is to recognize that, since CKMC's acquisition of WUCC, both entities have functioned as one entity, and to consolidate all debts and assets of the Debtors.

**Dated: August 12, 2010**

        **LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.**

By: */s/ Martin J. Brill*
     Martin J. Brill
     Proposed Reorganization Counsel for
     Chapter 11 Debtor and Debtor in Possession

        **DION-KINDEM & CROCKETT**

By: */s/ Steven Skirvin*
     Steven Skirvin
     Proposed Local Counsel for
     Chapter 11 Debtor and Debtor in Possession