**The below described is SIGNED.**

**Dated: August 30, 2010**          _____
                                    **WILLIAM T. THURMAN**
                                    **U.S. Bankruptcy Chief Judge**

_____

MARTIN J. BRILL (Calif. Bar No. 53220) mjb@lnbyb.com
DAVID B. GOLUBCHIK (Calif. Bar No. 185520) dbg@lnbyb.com
KRIKOR J. MESHEFEJIAN (Calif. Bar No. 255030) kjm@lnbyb.com
**LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.**
10250 Constellation Blvd., Suite 1700
Los Angeles, California 90067
Telephone:  (310) 229-1234
Facsimile:  (310) 229-1244

*Proposed Reorganization Counsel for Chapter 11 Debtor and Debtor-in-Possession*

STEVEN R. SKIRVIN (Utah Bar No. 7626)
**DION-KINDEM & CROCKETT**
10808 S. River Front Parkway, Suite 334
South Jordan, UT  84095
Telephone: (801) 984-8045
Facsimile: (801) 984-4315
Email: srs@dkclaw.com

*Proposed Local Counsel for Chapter 11 Debtor and Debtor-in-Possession*

## IN THE UNITED STATES BANKRUPTCY COURT
## DISTRICT OF UTAH

| | |
|---|---|
| In re: | Case No. 10-29159-WTT |
| Western Utah Copper Company, | Chief Judge William T. Thurman |
| Debtor and Debtor-in-Possession. | Chapter 11 |
| | Filed Electronically |

**ORDER AUTHORIZING DEBTOR TO OBTAIN INTERIM POST-PETITION FINANCING PURSUANT TO 11 U.S.C. § 364 AND RULE 4001 OF THE <u>FEDERAL RULES OF BANKRUPTCY PROCEDURE</u>**

1

Filed: 08/30/10

On August 30, 2010, at 11:00 a.m., this Court held a hearing on shortened notice, to consider the request for emergency interim post-petition financing (the "Interim Financing Request") pursuant to that certain "Debtor's Motion For An Order Authorizing Debtor To Obtain Post-Petition Financing Pursuant to 11 U.S. C. § 364 and Rule 4001 of the Federal Rules Of Bankruptcy Procedure" (the "Financing Motion"). Appearances were as noted on the Court's record.

The Court, having considered the Interim Financing Request, all pleadings and papers filed in respect of the Financing Motion, including any and all oppositions to the Interim Financing Request, hereby finds as follows:

A.  This Court has core jurisdiction over this case, the Motion, and the parties and the property affected under this Order pursuant to 28 U.S.C. §§ 157(b) and 1334. Venue is proper before this Court pursuant to 11 U.S.C. §§ 1408 and 1409.

B.  Under the circumstances, the notice given by the Debtor of the Interim Financing Request and the hearing on the Interim Financing Request constitutes due and sufficient notice thereof and complies with all applicable Bankruptcy Rules.

C.  By way of the Interim Financing Request, the Debtor proposes to borrow funds to pay, among other things, insurance premium payments and Bureau of Land Management maintenance fees.

D.  Approval of some of the Interim Financing Request is crucial to the Debtor's reorganization efforts.

E. The Debtor lacks funds in order to maintain and preserve assets of its estate and the Debtor is unable to obtain any alternative form of post-petition financing.

F. The terms of the Interim Financing Request, as reflected in the Financing Motion and in this Order, are fair and reasonable, reflect the Debtor's exercise of prudent business judgment to some extent, are consistent with the Debtor's fiduciary duties and are supported by reasonably equivalent value and fair consideration.

G. The Debtor's need for approval of the Interim Financing Request is immediate.

H. The Court makes a preliminary finding that there is no equity in the additional collateral.

I. The Court makes a preliminary finding that the estate will suffer irreparable harm if the BLM fees and insurance are not paid.

J. For purposes of this Motion only, payment of BLM fees and insurance constitute adequate protection under 11 U.S.C. § 361.

K. The Court made additional findings of fact and conclusions of law on the record.

Based upon the findings and conclusions made by the Court, and upon the record made before this Court, and good cause appearing:

**IT IS HEREBY ORDERED** as follows:

1. <u>Authorization for Borrowing.</u> The Interim Financing Request is granted in part. The Debtor is authorized to borrow from Altus Metals, LLC ("Altus"), on an

interim basis, $272,001.06 (the "Interim Financing"), for the purpose of paying BLM fees, insurance and security. The BLM fees are to be paid immediately.

    2.    Such advances shall be governed by this Order.

    3.    <u>Priming Lien and Superpriority Treatment for Advances</u>. All of the obligations of the Debtor under the Interim Financing shall constitute an allowed administrative expense claim in the Debtor's bankruptcy case pursuant to Section 364(c)(1) of the Bankruptcy Code having priority over all administrative expenses of any kind; and shall be secured by an enforceable first priority priming lien pursuant to Section 364(c)(2) and (d)(1) of the Bankruptcy Code on all of the existing and after-acquired assets of the Debtors of any kind or nature except certain equipment as the Court will hereafter designate. Notwithstanding anything contained herein, or in the DIP Financing Documents, no priming lien or superpriority claim granted pursuant to Section 364 of the Bankruptcy Code or this Order shall attach to or apply against any avoidance actions under Chapter 5 of the Bankruptcy Code and/or proceeds therefrom.

    4.    <u>Interest Rate</u>. Interest on funds advanced under the Interim Financing shall accrue interest at 12.99% per annum, compounded monthly.

    5.    <u>Order Binding</u>. With respect to this Order only, Altus is deemed a good faith lender and entitled to the protections of 11 U.S.C. § 364(c). If any or all of the provisions of this Order are hereafter reversed, modified, vacated, or stayed, such act shall not affect the validity and enforceability of any lien or priority authorized or created by this Order.

6. In the event Altus fails to provide financing under this Order, the "Senior Secured Creditors" may pay the BLM fees as an additional advance under the same terms and conditions as the Amended Order re Motion for Entry of an Interim Order Authorizing Debtor to Obtain Post-Petition Financing Pursuant to 11 U.S.C. § 364 and Rule 4001 of the Federal Rules of Bankruptcy Procedure entered in this matter.

7. <u>Subsequent Hearing</u>.  The Court shall conduct a subsequent hearing on this Motion on September 8, 2010, at 11:00 a.m.

8. <u>Controlling Effect of Order</u>.  To the extent any provisions in this Order conflict with any provisions of the Financing Motion, the provisions of this Order shall control.

9. <u>Order Effective</u>.  This Order shall be effective as of the date of signature by the Court.

**<u>IT IS SO ORDERED</u>.**

**END OF ORDER**