MARTIN J. BRILL (Calif. Bar No. 53220) mjb@lnbyb.com
DAVID B. GOLUBCHIK (Calif. Bar No. 185520) dbg@lnbyb.com
KRIKOR J. MESHEFEJIAN (Calif. Bar No. 255030) kjm@lnbyb.com
**LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.**
10250 Constellation Blvd., Suite 1700
Los Angeles, California 90067
Telephone:  (310) 229-1234
Facsimile:  (310) 229-1244

*Reorganization Counsel for Chapter 11 Debtor and Debtor-in-Possession*

STEVEN R. SKIRVIN (Utah Bar No. 7626)
**DION-KINDEM & CROCKETT**
10808 S. River Front Parkway, Suite 334
South Jordan, UT  84095
Telephone: (801) 984-8045
Facsimile: (801) 984-4315
Email: srs@dkclaw.com

*Local Counsel for Chapter 11 Debtor and Debtor-in-Possession*

## IN THE UNITED STATES BANKRUPTCY COURT
## DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>WESTERN UTAH COPPER COMPANY, et al.,<br><br>       Debtors and Debtors in Possession. | Bankruptcy No. 10-29159 WTT<br>Chapter 11<br>(Jointly Administered with<br>Case No. 10-30002 WTT)<br><br>Honorable William T. Thurman<br><br>**Filed Electronically** |

## NOTICE OF SUBMISSION OF MEMORANDUM OF UNDERSTANDING RE FURTHER INTERIM POST-PETITION FINANCING AND BUDGET RELATED THERETO

Western Utah Copper Company and Copper King Mining Corporation, debtors and debtors in possession in the above-captioned jointly administered Chapter 11 bankruptcy cases (collectively, "Debtors") hereby submit this Notice Of Submission Of Memorandum Of Understanding Re Further Interim Post-petition Financing And Budget Related Thereto.  The Memorandum of Understanding is attached hereto as Exhibit "1". Debtors' proposed budget and expenditures in connection with the further interim financing requested pursuant to the Memorandum of Understanding by and between Debtors and  Altus Metals, LLC ("Altus") is attached hereto as Exhibit "2".

**Dated:  October 6, 2010**


**LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.**


By:___*/s/ Krikor J. Meshefejian*_____
        Martin J. Brill
        Proposed Reorganization Counsel for
        Chapter 11 Debtors and Debtors in Possession


**DION-KINDEM & CROCKETT**


By:___*/s/ Steven Skirvin*_____
        Steven Skirvin
        Proposed Local Counsel for
        Chapter 11 Debtors and Debtors in Possession

**EXHIBIT 1**

MARTIN J. BRILL (Calif. Bar No. 53220) mjb@lnbyb.com
DAVID B. GOLUBCHIK (Calif. Bar No. 185520) dbg@lnbyb.com
KRIKOR J. MESHEFEJIAN (Calif. Bar No. 255030) kjm@lnbyb.com
**LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.**
10250 Constellation Blvd., Suite 1700
Los Angeles, California 90067
Telephone:  (310) 229-1234
Facsimile:  (310) 229-1244

*Reorganization Counsel for Chapter 11 Debtor and Debtor-in-Possession*

STEVEN R. SKIRVIN (Utah Bar No. 7626)
**DION-KINDEM & CROCKETT**
10808 S. River Front Parkway, Suite 334
South Jordan, UT  84095
Telephone: (801) 984-8045
Facsimile: (801) 984-4315
Email: srs@dkclaw.com

*Local Counsel for Chapter 11 Debtor and Debtor-in-Possession*

## IN THE UNITED STATES BANKRUPTCY COURT
## DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>WESTERN UTAH COPPER COMPANY, et al.,<br><br>    Debtors and Debtors in Possession. | Bankruptcy No. 10-29159 WTT<br>Chapter 11<br>(Jointly Administered with Case No. 10-30002 WTT)<br><br>Honorable William T. Thurman<br><br>**Filed Electronically** |

## MEMORANDUM OF UNDERSTANDING

1

This Memorandum of Understanding Re: Interim Financing ("MOU") is entered into by and between Copper King Mining Corporation ("Copper King") and Western Utah Copper Company ("WUCC" and collectively with Copper King, the "Companies"), on the one hand, and Altus Metals, LLC ("Altus"), on the other hand, with respect to the following:

**RECITALS**

1.      On May 18, 2010 (the "Petition Date"), the Companies commenced their bankruptcy cases by filing Voluntary Petitions under Chapter 11 of the Bankruptcy Code (the "Petition Date").

2.      Prior to the Petition Date, in connection with the Companies' efforts to raise funds for operations, the Companies entered into a sale-leaseback type transaction with Empire Advisors, LLC ("Empire"), Altus and Strategic Capital Partners, LLC ("Strategic") and Winterfox, L.L.C. ("Winterfox" and collectively with Empire, Altus and Strategic, the "Pre-Petition Buyers") pursuant to which the Companies transferred to the Pre-Petition Buyers certain rolling stock and equipment, certain water rights and certain mined, but unprocessed, ore (collectively, the "Sold Assets").   In exchange for the foregoing, the Companies received approximately $2.2 million in cash from the Pre-petition Buyers.   No fees were deducted from these cash proceeds, and less than $10,000 in costs were actually deducted from these cash proceeds (although the costs incurred were much higher).

3.      In addition, pursuant to the foregoing transaction, the Companies granted to Empire and Altus security interests in other assets including, without limitation, a first priority security interest in the Companies' Associated Placer Claims (approx. 635 claims

2

comprising approximately 57,000 acres) and a first priority security interest in certain real estate, designated as [Dave McMullin provided], which houses the Companies' offices (the "Additional Assets").

4.      The intent of the parties was for the Companies to repurchase the Sold Assets in accordance with the terms and conditions of the Sale Agreement, which would require, at this time, a payment of over $4.2 million.  None of the Sold Assets were removed from the Companies' properties and continue to be utilized by the Companies.

5.      Pursuant to the DIP Loan Documents, which were previously filed with the Court, the Companies agreed to repurchase the Sold Assets for $3 million, which will be financed by Altus.  Due to the numerous delays, the Pre-Petition Buyers now require that the Sold Assets are repurchase for $3.068 million. Once the purchase is complete, any and all claims previously held by the Pre-Petition Buyers against the Companies (other than those granted postpetition) will be deemed satisfied and waived, including, without limitation, the claims as against the Additional Assets.

6.      Altus is advised and understands that the Bankruptcy Court presiding over the Companies' bankruptcy cases scheduled October 20, 2010 as the date for an interim financing hearing, with a final hearing to be held on December 1, 2010.

7.      Altus advised the Companies that it is economically infeasible for Altus, and Altus refuses, to provide interim financing to the Companies in an amount of less than $7 million on an interim basis on October 20, 2010.  Altus cannot afford to continue to complete small transactions that are inconsistent with its business model, and let the existing larger capital commitments to continue to sit inactive.

8.    Additionally, Altus advised the Companies that it refuses to provide additional financing to the Companies unless the equity component of the DIP Loan Documents is also approved.

**AGREEMENT**

Based on the foregoing and discussions among the parties, the Debtors and Altus have agreed, subject to approval of the Bankruptcy Court, as follows:

A.    Altus shall transfer the Sold Assets to the Companies free and clear of any and all prepetition interests, liens, claims and encumbrances.

B.    Altus shall advance to the Companies seven million dollars ($7,000,000) pursuant to the DIP Loan Documents.

C.    While the approval of the DIP Loan Documents, in their entirety, may deferred until the final hearing (December 1, 2010), for purposes of the instant financing, the following provisions of the DIP Loan Documents shall be approved and allowed:

a.  All of the obligations of the Companies under the interim financing shall constitute an allowed administrative expense claim in the Companies' bankruptcy cases pursuant to Section 364(c)(1) of the Bankruptcy Code having priority over all administrative expenses of any kind; and shall be secured by an enforceable first priority priming lien pursuant to Section 364(c)(2) and (d)(1) of the Bankruptcy Code on all of the existing and after-acquired assets of the Companies of any kind or nature, including the Sold Assets, but excluding certain equipment as the Court will hereafter designate at a subsequent hearing upon appropriate notice.

b.  Notwithstanding anything contained in the DIP Financing Documents, no priming lien or superpriority claim granted pursuant to Section 364 of the Bankruptcy Code or this Order shall attach to or apply against any avoidance actions under Chapter 5 of the Bankruptcy Code and/or proceeds therefrom.  The liens provided for in this Order shall not attach to property which is not property of the Companies' estates pursuant to 11 U.S.C. § 541.

c.  Interest Rate. Interest on funds advanced hereunder shall accrue interest at 12.99% per annum, compounded monthly.

d.  Altus (or its nominee) shall be entitled to receive, and the Companies agree to issue or cause to be issued, no later than the effective date of any plan of reorganization of either Company or the Companies (or the date of sale of all or substantially all of the assets of one or both of the Companies to any entity (the "**Purchasing Entity**")), a loan accommodation fee equal to a stock warrant for that amount of fully paid and nonassessable common stock (or any other securities or equity interests into which or for which any of the common stock or equity interests may be converted or exchanged pursuant to a plan of recapitalization, reorganization, merger, sale of assets or otherwise) (such common stock or other equity interests referred to herein as, the "**Equity**") totaling Five Percent (5%) of the total Equity of reorganized Copper King and/or reorganized WUCC and/or the Purchasing Entity, as the case may be, for the first Seven Million Dollars

5

($7,000,000) loaned, and an additional one percent (1%) of the total Equity of reorganized Copper King and/or reorganized WUCC and/or the Purchasing Entity, as the case may be, for each One Million Dollars ($1,000,000) borrowed in addition thereafter.  Such payment and the issuance of such Equity shall be deemed fully earned and shall not be subject to rebate or proration for any reason.

    e.   Altus/Empire shall be entitled to a fee equal to three percent (3%) of the amounts financed pursuant to this order, to cover Empire's fees, banking fees and costs, legal fees and costs and related costs for the transactions completed hereunder.

    f.   Altus's commitment to provide financing hereunder is contingent upon the nonoccurrence of a material adverse change in Companies situation or material adverse ruling against Companies.

    g.   <u>Order Binding</u>. Altus shall be deemed a good faith lender and entitled to the protections of 11 U.S.C. § 364(c).  If any or all of the provisions of this Order are hereafter reversed, modified, vacated, or stayed, such act shall not affect the validity and enforceability of any lien or priority authorized or created by this Order.

D.   The foregoing proceeds shall be used as follows:

    a.   $3,068,000 to Altus for repurchase of the Sold Assets;

    b.   $1,000,000 carveout to estate professionals employed pursuant to orders of this Court, to which Altus consents;

      c. $1,000,000 carveout for benefit of unsecured creditors of the Companies, to which Altus consents; and

      d. $1,932,000 for operations of the Companies pursuant to a budget to be approved by Altus.

E.     If Altus exercises or enforces its liens and right to foreclosure on its collateral, Altus must first enforce its liens with respect to the Sold Assets and the Additional Assets to the fullest extent practicable prior to enforcing its liens with respect to any other collateral or property.

F.     While Winterfox has consented in principal to the transactions proposed herein, its written consent must be obtained to formally complete these transactions. Empire, based on statements and representations received, believes that Winterfox will provide its written consent to this agreement, if approved.

G.     In order to provide adequate protection to other secured creditors of the Companies, Altus consents to existing secured liens to attach to Altus' collateral hereunder, including the Sold Assets and the Additional Assets, provided that such security interests are junior to those of Altus.

Dated: October 6, 2010

COPPER KING MINING CORPORATION
And
WESTERN UTAH COPPER COMPANY

By:_____
    A. John A. Bryan Jr.,
    Their Chief Executive Officer

7

**ALTUS METALS, LLC**

By: _____
           Name:  David J. Richards
           Its:  President

**STRATEGIC CAPITAL PARTNERS, LLC**

By: _____
           Name:
           Its:

**ALTUS METALS, LLC**

By:_____
      Name:
      Its:

**STRATEGIC CAPITAL PARTNERS, LLC**

By:_____
      Name:   Steven Sandholtz
      Its:   Partner

**EXHIBIT 2**

**Western Utah Copper Company**
**Interim Debtor-In-Possession Funding Request - Budget**

| Item/Description | Accrued Post-Petition (May - Oct 20) | Oct 20 - Nov 4 (16 days) | Nov 5 - Dec 1 (27 days) | |
|---|---|---|---|---|
| Security Services | 1,857.50 | 10,714.00 | 10,714.00 | Accrual period is less because of leftover amount from last financing |
| Contract Geology | 19,516.13 | 10,000.00 | 10,000.00 | Geologist is owed all post-petition fees except for three months of work |
| Geology Software | 19,000 | 4,000.00 | 4,000.00 | Software company will only re-activate software license if all post-petition amounts are paid. Software company will only re-activate software license if all post-petition amounts are paid. The $19,000 is this amount budgeted for this item in the prior budget. |
| Tetra Tech | | 30,000.00 | 30,000.00 | |
| Diesel, Gas, and Mechanical Lube | | 8,450.00 | 16,450.00 | |
| Parts/filters/belts/seals/other repairs/office supplies | | 5,000.00 | 10,000.00 | |
| Electrician | | 2,000.00 | - | |
| Compressor Service Contract | | 7,813.95 | 13,186.05 | |
| Contract CEO | 270,967.74 | 50,000.00 | 50,000.00 | Accrual period includes retainers owed since petition date through October 1. |
| Management Payroll | 114,166.67 | 25,833.33 | 25,833.33 | Accrual period includes salaries owed since petition date through September 30. |
| Management Payroll Taxes | 28,541.67 | 6,458.33 | 6,458.33 | |
| Other Payroll | 28,467.74 | 23,000.00 | 23,000.00 | Accrual period includes other salaries owed since petition date through September 30 |
| Other Payroll Taxes | 7,116.94 | 5,750.00 | 5,750.00 | |
| Large Mine Permit compliance, tailings, regulatory compliance | | 300,000.00 | - | This amount is a jump start on the necessary items that will be requeired by the debtor by the UTAH DOGM |
| Worker's Compensation Policy | | 400.00 | 400.00 | |
| Utilities | | 13,000.00 | 13,000.00 | Based on acutual from the past 2 months |
| Board Observation Fee | 8,000 | 10,000.00 | 2,000.00 | Accrual period includes fees since July financing |
| Expense Reimbursements | | 6,000.00 | 12,000.00 | same as the previous funding |
| Accounting/Bookkeeping | | 2,500.00 | 5,000.00 | amounts paid to the payroll and bookkeeping service |
| Carve-out professionals per the signed but unaproved documents | | 1,000,000.00 | - | |
| Asset Repurchase from Altus (see MOU) | | 3,068,000.00 | - | |
| Altus Fee Reimbursement (assumes limited but necessary legal fees) | | 25,000.00 | - | |
| Seed Required for "Mary I" Reclamation | | 4,000.00 | - | seeds requierd to be planted as part of the reclamation of the Mary I |
| Division of Oil, Gas, and Mining Annual Permit Fees | | 2,000.00 | - | |
| Magnetite Pond Permit Renewal | | 300.00 | - | Payment to the DOGM for permit to mine magnetite |
| Property Taxes 2010 | | 250,000.00 | - | Accrued property taxessince petetion date |
| Load Claims- 500 @ 300.00/ claim | | 150,000.00 | - | Stakeing of additional load claims on the current property |
| Unsecured Crditors | | 1,000,000.00 | - | |
| Ibank fees to Altus | | 210,000.00 | | |
| Financial Statement Reconstruction | | 15,000.00 | 15,000.00 | Once the company has access to is documents this will be necessary per the requirments of the Reporting requirements |
| Sub Totals | 497,634.38 $ | 6,245,219.62 $ | 252,791.71 | |
| Contigency | | $ 4,354.28 | | |
| Grand Total | | $ 7,000,000.00 | | |

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of October, 2010, a true and correct copy of the attached document was filed via this Court's ECF system, and thus served electronically on those parties having registered to receive such service.

_/s/ Krikor J. Meshefejian_
Krikor J. Meshefejian

## ECF RECIPIENT LIST

J. Thomas Beckett on behalf of Creditor Nevada Star Resource Corp
tbeckett@pblutah.com

Scott S. Bell on behalf of Creditor Nevada Star Resource Corp
ECF@parsonsbehle.com

David P. Billings on behalf of Creditor Nevada Star Resource Corp
dbillings@parsonsbehle.com

Martin J. Brill on behalf of Debtor Western Utah Copper Company
mjb@lnbyb.com

Glenn R. Bronson on behalf of Creditor Republic Bank
grb@pyglaw.com, jessica@pyglaw.com

Laurie A. Cayton tr on behalf of U.S. Trustee United States Trustee
laurie.cayton@usdoj.gov, james.gee@usdoj.gov

Joseph M.R. Covey on behalf of Creditor Devin Durrant
jcovey@parrbrown.com, calendar@parrbrown.com

Steven W. Dougherty on behalf of Creditor Committee Official Committee of Unsecured
Creditors
sdougherty@aklawfirm.com, pparmer@aklawfirm.com

Mark E Freedlander on behalf of Creditor Committee Official Committee of Unsecured
Creditors
mfreedlander@mcguirewoods.com, hhickman@mcguirewoods.com

David B. Golubchik on behalf of Debtor Western Utah Copper Company
dbg@lnbyb.com, angela@lnbyb.com

Mark H. Howard on behalf of Attorney United States on behalf of its agency, the Internal
Revenue Service
Mark.H.Howard@irscounsel.treas.gov

Mary Margaret Hunt on behalf of Stockholder Official Committee of Equity Security
Holders
hunt.peggy@dorsey.com,
brown.patricia@dorsey.com;smith.ron@dorsey.com;slc.lit@dorsey.com

David W. Hunter on behalf of Attorney Ahern Rentals, Inc.
davidh@dixontruman.com

Annette W. Jarvis on behalf of Stockholder Official Committee of Equity Security
Holders
jarvis.annette@dorsey.com,
smith.ron@dorsey.com;slc.lit@dorsey.com;brown.patricia@dorsey.com

Michael R. Johnson on behalf of Creditor Back County Barn Raising, LLC
mjohnson@rqn.com, sglendening@rqn.com;docket@rqn.com

Derek Langton on behalf of Creditor Nevada Star Resource Corp
ecf@parsonsbehle.com

David E. Leta on behalf of Creditor Bridge Loan Capital Fund, LP
dleta@swlaw.com, wsmart@swlaw.com

Adelaide Maudsley on behalf of Creditor Gilbert Arthur McCulley Enterprises (GAMCE)
maudsley@chapman.com, jemery@chapman.com

Krikor J. Meshefejian on behalf of Debtor Western Utah Copper Company
kjm@lnbyb.com

Carolyn Montgomery on behalf of Creditor Bonnie Phillips
cmontgomery@cnmlaw.com

M. Eric Olmstead on behalf of Creditor Compositech Product Manufacturing, Inc.
eolmstead@barney-mckenna.com

Mitchel H. Perkiel on behalf of Creditor A.T. Massey Coal Company, Inc.
mitchel.perkiel@troutmansanders.com, harriet.cohen@troutmansanders.com

William C. Price on behalf of Creditor Committee Official Committee of Unsecured
Creditors
wprice@mcguirewoods.com

Michael J. Roeschenthaler on behalf of Creditor Committee Official Committee of
Unsecured Creditors
mroeschenthaler@mcguirewoods.com

R. Craig Schneider on behalf of Attorney United States on behalf of its agency, the
Internal Revenue Service
randall.c.schneider@irscounsel.treas.gov

Nathan Seim on behalf of Stockholder Official Committee of Equity Security Holders
seim.nathan@dorsey.com

Steven R. Skirvin on behalf of Debtor Western Utah Copper Company
srs@dkclaw.com

Quinn A. Sperry on behalf of Creditor McKay, Burton & Thurman
qsperry@mbt-law.com

Steven C. Strong on behalf of Creditor Devin Durrant
scs@pkhlawyers.com

Gerald H. Suniville on behalf of Creditor Cortex Mining and Exploration Company, Inc.
gsuniville@vancott.com, bhammond@vancott.com

Engels Tejeda on behalf of Creditor Bridge Loan Capital Fund, LP
etejeda@swlaw.com, kquick@swlaw.com

United States Trustee
USTPRegion19.SK.ECF@usdoj.gov