**The below described is SIGNED.**

Dated: November 17, 2010

*William T. Thurman*
**WILLIAM T. THURMAN**
**U.S. Bankruptcy Chief Judge**



### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF UTAH

| In re:<br><br>WESTERN UTAH COPPER COMPANY,<br><br>Debtor and Debtor in Possession. | Case No. 10-29159 WTT<br>Chapter 11<br>Honorable William T. Thurman |
|---|---|
| In re:<br><br>COPPER KING MINING CORPORATION,<br><br>Debtor and Debtor in Possession. | Case No. 10-30002 WTT<br>Chapter 11<br>Honorable William T. Thurman |

**ORDER AUTHORIZING EMPLOYMENT OF A. JOHN A. BRYAN, JR. AS CHIEF EXECUTIVE OFFICER OF THE DEBTORS**

The matter before the Court is Nevada Star's Objection to Proposed Order ("Objection") on the Applications of Debtors and Debtors in Possession Western Utah Copper Company and Copper King Mining Corporation (collectively "Debtors") to Employ the Watley Group ("Watley") as Consultant and Investment Banker ("Application to Employ"). A hearing on the Objection was conducted on November 10, 2010. Appearances are noted on the record. This matter relates back to a hearing conducted by the Court on September 8, 2010 on the Application to Employ.

At the September 8, 2010 hearing, the Debtors proposed an alternative to their Application to Employ by proposing to have A. John A. Bryan, Jr ("Bryan"). appointed Chief

Executive Officer ("CEO") of both Debtors. The Court issued an oral ruling as it considered the Application to Employ, the alternative proposal, the declarations and other evidence in support to the request. Based on the representations made in the Application to Employ and supporting declarations the Court is satisfied that Bryan does not hold or represent an interest adverse to the Debtors' estates and is disinterested under 11 U.S.C. § 101(14), and that the employment of Bryan is necessary and in the best interset of the Debtors' estates and determines good cause exists to grant the relief; accordingly, it is hereby ORDERED, ADJUDGED and DECREED as follows:

1. The Application to Employ Watley as Consultant and Investment Banker to the Debtors are denied;

2. The Debtors are authorized to employ and retain Bryan as CEO from date of the petition, and may pay him compensation of $50,000 per month, with a pro rata allocation for any partial months worked. Every 120 days (the "120 Day Hearing") Bryan must apply for approval of fees paid pursuant to 11 U.S.C. § 105 and submit to the Court a written narrative and evidence of services conducted along with providing a status conference by the Debtor on the actions made toward reorganization. The narrative should comply with the examples articulated by the Court at the November 10, 2010 hearing;

3. Any party with objections to the amounts paid or to be paid may assert the same at the 120 Day Hearing; however, the basis for objecting will apply to the reasonableness of the fee only;

4. Bryan may be entitled to a success fee based on services provided to the Debtors during the pendency of these case, which success fee to be determined by further order of this Court;

5. Bryan may be employed by the Debtors to provide services to them jointly.  In the event that the Court subsequently determines that there is an actual conflict of interest between the bankruptcy estates of the Debtors, the Court may, following a determination that an actual conflict of interest exits, consider appropriate remedies, including but not limited to requiring the disgorgement of professional compensation;

6. Nothing contained herein shall constitute a determination by the Court regarding payment of any future compensation that might be awarded; and

7. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this order.

–END OF ORDER--