MARTIN J. BRILL (Calif. Bar No. 53220) mjb@lnbyb.com
DAVID B. GOLUBCHIK (Calif. Bar No. 185520) dbg@lnbyb.com
KRIKOR J. MESHEFEJIAN (Calif. Bar No. 255030) kjm@lnbyb.com
**LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.**
10250 Constellation Blvd., Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
*Reorganization Counsel for Chapter 11 Debtors and Debtors-in-Possession*

STEVEN R. SKIRVIN (Utah Bar No. 7626)
**DION-KINDEM & CROCKETT**
10808 S. River Front Parkway, Suite 308
South Jordan, UT 84095
Telephone: (801) 984-8045
Facsimile: (801) 984-4315
Email: srs@dkclaw.com
*Local Counsel for Chapter 11 Debtors and Debtors-in-Possession*

**IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF UTAH**

| | |
|---|---|
| In re:<br><br>WESTERN UTAH COPPER COMPANY, et al.,<br><br>    Debtors and Debtors in Possession. | Bankruptcy No. 10-29159 WTT<br><br>Chapter 11<br><br>(Jointly Administered with Case No. 10-30002 WTT)<br><br>Honorable William T. Thurman<br><br>**Filed Electronically** |

**DEBTORS' MOTION FOR AUTHORITY TO
OBTAIN FINANCING ON A SENIOR SECURED BASIS
<u>PURSUANT TO COURT-APPROVED SETTLEMENT AGREEMENT</u>**

1

4671

Western Utah Copper Company ("Western Utah" or the "Debtor") and Copper King Mining Corporation ("Copper King"), the jointly administered Chapter 11 debtors and debtors in possession (collectively the "Debtors") hereby move (the "Motion") for entry of an order authorizing the Debtors to borrow up to $200,000 (the "Secured DIP Loan") from the Secured Creditors or some of them (the "Secured DIP Loan Lenders"), for the purpose of paying Preservation Expenses.

On February 25, 2011, the Court entered an order approving the First Amended Settlement Agreement (the "Settlement Agreement") by and between the Debtors on the one hand, and the Secured Creditors[1] on the other hand. Pursuant to Section 12 of the Settlement Agreement, the Secured Creditors are authorized to advance the Secured DIP Loan to the Debtors and the Debtors are authorized to use the Secured DIP Loan for Preservation Expenses. To secure the Secured DIP Loan, the Secured Creditors who provide funding for the loan shall obtain a first and senior, priming lien on all of the Debtors' assets, except on avoidance claims and causes of action (11 U.S.C. §§ 544-551), the proceeds from the assets that are sold under Section 12(iii) or (II) of the Settlement Agreement to the extent such proceeds are used for the payment of either Preservation Expenses or non-Preservation Expenses, which lien shall be senior to any prior post-petition liens, and which loan (A) shall accrue interest at 12.99% per annum, compounded monthly, prior to default, and increased by 5% from and after default, and (B) shall be due and payable in full, with all principal and accrued interest, on one business day prior to the foreclosure sale of the First Lien Loan as provided in Section 10 of the Settlement Agreement.

The Secured DIP Loan may be repaid by the Debtors or by any other creditor, so long as the same is paid without a further priming lien that subordinates the interests of the Secured Creditors. If the Secured DIP Loan is not paid at or before it matures, then the

---

[1] Capitalized terms not otherwise defined herein shall have the same meaning as that ascribed to such terms in the Settlement Agreement.

2

4671

Secured Creditors providing the Secured DIP Loan may foreclose the lien of the Secured DIP Loan in accordance with applicable non-bankruptcy law, subject to the continuing right of the Debtors or any creditor to repay the obligation prior to the foreclosure sale.

The Debtors require $93,357.63 of the total amount of the Secured DIP Loan (the "Interim Approval Amount") on an emergency basis, for the payment of the following expenses:

    a.    Lease extension payments in the total amount of $39,875, which payments are due on March 15, 2011.

    b.    Payroll expenses in the total amount of $11,000, which payroll payments are due on March 18, 2011.

    c.    Fuel expenses in the total amount of $5,000 and propane expenses in the total amount of $4,000, for which funding is needed immediately to ensure that the Debtors are able to continue providing heat sources for the mill, for seed work on the Debtors' reclamation project and for snow removal on roads utilized by the Debtors.

    d.    Security expenses in the total amount of $18,000 for which funding is needed immediately to ensure that security services for the Debtors are not discontinued.

    e.    Utility expenses in the total amount of $15,482.63 which must be paid on or before March 11, 2011.

The Debtor's failure to pay these expenses within the timeframes set forth above will cause an immediate and irreparable harm to the estate. If the lease extension payments are not made by the Debtors, the lessors may take the position that such leases are deemed to be rejected. If payroll payments are not made, the Debtors' employees may quit and the Debtors would be unable to continue with its minimal level of operations and with asset preservation without incurring significant expenses attempting to replace employees which have left due to nonpayment of payroll. If fuel and propane expenses are not paid, the

Debtors will be unable to continue maintaining its facilities such as the mill. If security expenses are not paid, the Debtor's assets will not be monitored and secured. If utility payments are not made to Rocky Mountain Power, utility services will be shut off and the Debtors will be forced to incur significant expenses in reinstituting utility services. Accordingly, the Debtors are in need of immediate approval of the Interim Approval Amount pending a final hearing on the Secured DIP Loan. Attached hereto as Exhibit "1" is a proposed budget for the complete use of the Secured DIP Loan proceeds. Pursuant to the terms of the Settlement Agreement, the proposed budget has been approved by Robert Reynolds who is the representative of the Secured Creditors and the Secured DIP Loan Lenders.

## COMPLIANCE WITH RULE 4001

Pursuant to Rule 4001 of the Federal Rules of Bankruptcy Procedure, Debtors hereby provide the following disclosures with respect to the Loan:

| Material Provision | Brief Summary |
|---|---|
| Borrower | Debtors |
| Lender | Secured Creditors, or some of them |
| Regular Interest Rate | 12.99% per annum, compounded monthly, prior to default, and increased by 5% from and after default |
| Default Interest Rate | See above |
| Fees And Expenses | N/A |
| Maturity | N/A |
| Liens, Collateral, And Priority<br><br>Bankruptcy Rule 4001(c)(1)(B)(i), (vii) & (xi)<br><br>Local Rule 4001-2 (a)(1)(D) and (G) | First and Senior, Priming Lien on all of the Debtors' assets, except on avoidance claims and causes of action (11 U.S.C. §§ 544-551), the proceeds from the assets that are sold under this Section 12(iii) or (II) to the extent such proceeds are used for the payment of either Preservation Expenses or non-Preservation Expenses, which lien shall be senior to any prior post- |

| Material Provision | Brief Summary |
|---|---|
| | petition liens |
| Events of Default | The Secured DIP Loan shall be due and payable in full, with all principal and accrued interest, on one business day prior to the foreclosure sale of the First Lien Loan as provided in Section 10 of the Settlement Agreement. |
| Automatic Stay  Bankruptcy Rule 4001(c)(1)(B)(iv) | N/A |
| Professional And Statutory Fee Carve-Out  Section 506(c) Waiver  Bankruptcy Rule 4001(c)(1)(B)(x)  Local Rule 4001-2 (a)(1)(B) | N/A  N/A |
| Indemnification  Bankruptcy Rule 4001(c)(1)(B)(ix) | N/A |

///

///

///

///

///

///

///

4671

**WHEREFORE**, Debtors respectfully request that this Court: (1) approve the Motion in its entirety; (2) authorize the Debtors to borrow the Interim Loan Amount on an interim basis; authorize the Debtors to borrow the Secured DIP Loan from the Secured Creditors, or some of them, pursuant to the terms and conditions authorized and enumerated in the Settlement Agreement; and (3) grant such other and further relief as the Court deems just and proper.

Dated: March 7, 2011

**LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.**

By: */s/ Krikor J. Meshefejian*
    Martin J. Brill
    David B. Golubchik
    Krikor J. Meshefejian
    Reorganization Counsel for
    Chapter 11 Debtors and Debtors in Possession

**DION-KINDEM & CROCKETT**

By: */s/ Steven Skirvin*
    Steven Skirvin
    Local Counsel for
    Chapter 11 Debtors and Debtors in Possession

4671

# EXHIBIT "1"

## Budget for financing SSC though may 1, 2011

| | | |
|---|---:|---:|
| McCulley | $ | 25,000.00 |
| KING BIRD KLONDIKE CLAIMS | $ | 1,875.00 |
| HORN SILVER 1 | $ | 8,750.00 |
| BEALER | $ | 2,500.00 |
| Horn silver (AJL) | $ | 1,750.00 |
| Subtotal | $ | 39,875.00 |
| | | |
| Labor mill/maint +payroll tax | $ | 42,000.00 |
| Geologic | $ | 20,000.00 |
| Fuel | $ | 5,000.00 |
| Expenses | $ | 20,000.00 |
| Security | $ | 18,000.00 |
| Utility | $ | 26,000.00 |
| Propane | $ | 4,000.00 |
| Tetra Tech | $ | 5,000.00 |
| Seed for reclaim work | $ | 2,125.00 |
| Parts/tires, consumables | $ | 6,000.00 |
| Office and admin | $ | 1,600.00 |
| Contingency | $ | 10,400.00 |
| | $ | 200,000.00 |