Glenn R. Bronson (#7362)
Michael N. Zundel (#3755)
Erin M. Stone (#10107)
**PRINCE, YEATES & GELDZAHLER**
A Professional Corporation
175 East 400 South, Suite 900
Salt Lake City, UT 84111
Telephone: (801) 524-1000
grb@princeyeates.com

Attorneys for Republic Bank, Inc.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| In re<br><br>WESTERN UTAH COPPER COMPANY,<br><br>Debtor. | Bankruptcy Case No. 10-29159 - WTT<br>(Chapter 11)<br><br>**REPUBLIC BANK'S OBJECTION TO DEBTOR'S MOTION FOR AUTHORITY TO OBTAIN FINANCING ON A SENIOR SECURED BASIS PURSUANT TO COURT-APPROVED SETTLEMENT AGREEMENT** |

Creditor Republic Bank ("**Republic**"), by and through its counsel, herein objects to the Debtor's Motion for Authority to Obtain Financing on a Senior Secured Basis Pursuant to Court-Approved Settlement Agreement (the "**Financing Motion**") (Dkt. No. 587) for the following reasons:

Under § 364(d) the Debtor bears the burden to make a prima facie case showing the inability to obtain financing other than through priming financing and that existing lienholders are adequately protected. Based on the Financing Motion, the Debtor has failed to meet its burden on both requirements under § 364(d)(1).

The Debtor has not fully accounted for its inability to obtain financing other than through priming financing as pointed out in paragraph 7 of the Senior Secured Creditors ("**SSC**") Limited Objection. The Debtor has failed to meet the first requirement of § 364(d)(1).

Further, according to paragraph 12 of the Settlement Agreement, the Secured DIP Loan will have a first and senior priming lien on *all of the Debtor's assets*. Based on this language, Republic assumes that if the Court approves the Debtor's Financing Motion Republic's priority security interest in certain collateral will be subordinate to this priming financing. Therefore, it is imperative that Republic's secured claim is adequately protected.

The Debtor has the burden of proof on the issue of adequate protection and the Debtor has failed to meet this burden in its Financing Motion. For purposes of § 364(d), "value is the linchpin of adequate protection, and since value is a function of many factual variables, it logically flows that adequate protection is a question of fact." *In re:*

*Utah 7000, L.L.C.*, 2008 Bankr. LEXIS 4276 *19 n.6 (Bankr. D. Utah) (*quoting Dallas Bank, N.A. v. O'Connor (In re O'Connor)*, 808 F.2d 1393, 1397 (10th Cir. 1987)).

The Debtor offers generalities about how this priming financing will preserve the Debtor's assets for the benefit of creditors. This, however, is insufficient to address the lack of adequate protection for Republic's secured claim. "The whole purpose in providing adequate protection for a creditor is to insure that the creditor receives the value for which the creditor bargained for prebankruptcy." *Id.* at *10 (*quoting O'Connor*, 808 F.2d at 1396-97). As presented in Republic's Motion for Relief from Stay and supporting papers ("**Republic's Stay Motion**"), Republic is currently undersecured based on the difference in value between Republic's proof of claim for approximately $1.4 million and the current fair market value of its assets at $763,000.[1] Further the collateral which secures Republic's claim is declining in value. *Id.* The proposed priming financing, if approved, will further reduce Republic's secured claim, making adequate protection for Republic's secured claim even more crucial.

Accordingly, Republic requests the Court to deny the Debtor's Financing Motion unless Republic is provided adequate protection pursuant to § 364(d). Additionally, should Republic fail to receive sufficient adequate protection, Republic requests that the

---

[1] *See* Exhibit J of Republic's Stay Motion, Dkt. No. 483.

Court allow Republic an administrative claim under § 507(b) for the reduced value of its secured claim.

DATED this 9th day of March, 2011.

PRINCE, YEATES & GELDZAHLER
A Professional Corporation

*Erin M. Stone*
Erin M. Stone
Attorneys for Republic Bank, Inc.

-5-

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of March, 2011, I caused a true and correct copy of the foregoing **REPUBLIC BANK'S OBJECTION TO DEBTOR'S MOTION FOR AUTHORITY TO OBTAIN FINANCING ON A SENIOR SECURED BASIS PURSUANT TO COURT-APPROVED SETTLEMENT AGREEMENT** to be filed via CM/ECF and served upon those parties having registered to receive such service.

*Erin M. Stone*
Erin M. Stone

g:\ems\republic bank\western utah copper\objection to debtor's motion for financing.docx