David E. Leta (1937)
Todd Shaughnessy (6651)
Engels Tejeda (11427)
**SNELL & WILMER LLP**
15 West South Temple, Suite 1200
Salt Lake City, UT  84101
Telephone:  (801) 257-1900
Facsimile:  (801) 257-1800
Email: dleta@swlaw.com
Email: tshaughnessy@swlaw.com
Email: etejeda@swlaw.com

*Attorneys for DDB Utah, LC; the Raymond W. Schmelzer Marital Trust; Top-Notch Investments, LLC; Rodney Evan Schmelzer; Brent Thomas Bingham; Bridge Loan Capital Fund, LP; DPI College, LC; Milford Copper Investors II, LLC; Reynolds Brothers, Inc.; and Milford Investors, LLC*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| In re:<br><br>**WESTERN UTAH COPPER COMPANY, et al.**,<br><br>Debtors and Debtors in Possession. | Bankruptcy Case No. 10-29159 WTT<br>Chapter 11<br>(Jointly Administered with<br>Case No. 10-30002 WTT)<br><br>Filed via ECF |

**ORDER GRANTING DEBTORS' MOTION FOR AUTHORITY TO OBTAIN
INTERIM FINANCING ON A SENIOR SECURED BASIS PURSUANT TO
COURT-APPROVED SETTLEMENT AGREEMENT**

12695107.4

**Filed: 03/16/11**

This matter came before the Court on March 10, 2011, at 3:00 p.m. MST, upon the Debtors' *Motion for Authority to Obtain Financing on a Senior Secured Basis Pursuant to Court-Approved Settlement Agreement* [Doc. No. 587] (the "**Financing Motion**")[1], dated March 7, 2011. The Financing Motion was supported by the *Debtors' Memorandum of Points and Authorities* [Doc. No. 588] and by the *Declaration of David McMullin* [Doc. No. 589]. Pursuant to the Debtors' *Ex Parte Motion for Shortened Notice* [Doc. No. 591], the Debtors sought an expedited interim hearing on the Financing Motion. By an Order entered on March 8, 2011 [Doc. No. 593], the Court granted the Ex Parte Motion and authorized an expedited interim hearing. Notice of the Financing Motion, and of the related pleadings, were served by the Debtors on parties in interest as shown by the docket in this case.

On March 9, 2011, the First Lien Lenders,[2] filed their *Limited Objection of Senior Secured Creditors to Debtors' Motion for Authority to Obtain Financing on a Senior Secured Basis Pursuant to Court-Approved Settlement Agreement* [Doc. No. 597] (the "**SSC Objection**"), and Republic Bank, Inc. filed its *Objection to Debtor's Motion for Authority to Obtain Financing on a Senior Secured Basis Pursuant to Court-Approved Settlement Agreement* [Doc. No. 599] ("**Republic Objection**").

At the hearing, parties appeared through counsel, who, in turn, entered their appearances upon the record. During the hearing, the Debtor reached agreements resolving the SSC Objection and the Republic Objection. Based on the pleadings and the representations of counsel, the Court made its findings of fact and conclusions of law on the record, and the same are incorporated herein by this reference.

Accordingly, it is hereby

**ORDERED** that

---

[1] All terms not otherwise defined herein shall have the same meanings as such terms are defined in the Financing Motion.

[2] The "**First Lien Lenders**" are DDB Utah, LC; the Raymond W. Schmelzer Marital Trust; Top-Notch Investments, LLC; Rodney Evan Schmelzer; Brent Thomas Bingham; Bridge Loan Capital Fund, LP; DPI College, LC; Milford Copper Investors II, LLC; Reynolds Brothers, Inc.; and Milford Investors, LLC

1. The Financing Motion is granted as further provided in this Order.

2. The relief requested in the Financing Motion is necessary to avoid immediate and irreparable harm to the estate, pending a final hearing, within the meaning of Rule 4001(c)(2).

3. Under all the circumstances, the notice of the Financing Motion satisfies the requirements of Rule 4001.

4. Effective as of March 10, 2011, the Debtors are authorized to borrow up to $93,357.63 from the Secured Creditors for the purpose of paying the expenses and operating costs itemized in paragraph 5, subparagraphs a-e, of the Financing Motion. Without further notice or a hearing, the remaining balance of up to $200,000 may be borrowed from the Secured Creditors upon the terms set forth in the Financing Motion and this Order once the Debtors and the Secured Creditors reach an agreement on an acceptable budget specifying the proposed uses of such funds.

5. Except as further provided in this Order below, all funds advanced by the Secured Creditors in connection with the Financing Motion (the "**SSC DIP Loan**") shall be secured with a first and senior, priming lien (the "**SSC DIP Lien**") on all of the Debtors' assets, but limited with respect to the security interests claimed by Republic Bank, as set forth below, and excluding avoidance claims and causes of action (11 U.S.C. §§ 544-551), which SSC DIP Lien shall be senior to any prior post-petition liens, and which loan (A) shall accrue interest at 12.99% per annum, compounded monthly, prior to default, and increased by 5% from and after default, and (B) shall be due and payable in full, with all principal and accrued interest, on one business day prior to the foreclosure sale of the First Lien Loan as provided in Section 10 of the

Settlement Agreement. No further action by the Secured Creditors shall be required to perfect the SSC DIP Lien.

6. The SSC DIP Loan may be repaid by the Debtors or by any other creditor, so long as the same is paid without a further priming lien that subordinates the interests of the Secured Creditors. If the SSC DIP Loan is not paid at or before it matures, then the Secured Creditors providing the funds for the SSC DIP Loan may foreclose the aforementioned lien in accordance with applicable non-bankruptcy law, subject to the continuing right of the Debtors or any creditor to repay the obligation prior to the foreclosure sale.

7. The SSC DIP Lien shall be subordinate to the lien of Republic Bank to the extent that the Republic Bank lien is a first priority, senior lien against any collateral for the Republic Bank loan (collectively, the "**Republic Collateral**"), except to the extent that the funds advanced under the SSC DIP Loan are used to preserve, maintain or benefit the Republic Collateral, with the amount of such benefit to be determined in accordance with the standards prescribed by 11 U.S.C. § 506(c). The holder of the SSC DIP Lien or any party claiming the benefit of the SSC DIP Lien shall bear the burden of establishing the amount of such benefit under 11 U.S.C. § 506(c).

8. Regardless of when this Order is entered, it shall be effective as of March 10, 2011.

---- end of order ----