MARTIN J. BRILL (Calif. Bar No. 53220) mjb@lnbyb.com
DAVID B. GOLUBCHIK (Calif. Bar No. 185520) dbg@lnbyb.com
KRIKOR J. MESHEFEJIAN (Calif. Bar No. 255030) kjm@lnbyb.com
**LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.**
10250 Constellation Blvd., Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
*Reorganization Counsel for Chapter 11 Debtors and Debtors-in-Possession*

STEVEN R. SKIRVIN (Utah Bar No. 7626)
**DION-KINDEM & CROCKETT**
10808 S. River Front Parkway, Suite 334
South Jordan, UT 84095
Telephone: (801) 984-8045
Facsimile: (801) 984-4315
Email: srs@dkclaw.com
*Local Counsel for Chapter 11 Debtors and Debtors-in-Possession*

# IN THE UNITED STATES BANKRUPTCY COURT
## DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>WESTERN UTAH COPPER COMPANY, et al.,<br><br>Debtors and Debtors in Possession. | Bankruptcy No. 10-29159 WTT<br><br>Chapter 11<br><br>(Jointly Administered with Case No. 10-30002 WTT)<br><br>Honorable William T. Thurman<br><br>**Filed Electronically** |

## DEBTOR'S EMERGENCY MOTION FOR AUTHORITY TO OBTAIN FINANCING ON AN UNSECURED ADMINISTRATIVE BASIS

1

4671

WESTERN UTAH COPPER COMPANY, one of the above-named jointly administered Chapter 11 debtors and debtors in possession ("Debtor") hereby files its Emergency Motion For Authority to Obtain Financing on an Unsecured Administrative Basis ("Motion").

## I.

## INTRODUCTION AND STATEMENT OF RELEVANT FACTS

On February 24, 2011, this Court entered an order ("Order") approving a settlement agreement (the "Agreement") between the Debtor and certain secured creditors. [Docket No. 575]. Pursuant to the Agreement, relief from the automatic stay was granted immediately with a foreclosure sale scheduled for May 2, 2011 unless certain perquisites for an extension or cancellation occurred. The Debtor had the right to purchase an extension of the foreclosure sale if the Debtor pays to the secured creditors $150,000 not later than March 1, 2011. The Debtor was unable to effectuate a payoff or pay the extension fee and, therefore, a foreclosure sale was scheduled for May 2, 2011.

The Debtor is advised and understands that an entity known as Skye Minerals, LLC ("Skye") entered into an agreement with the secured creditors to purchase the secured debt. Pursuant to the Order, once the secured debt is purchased, the automatic stay will be reinstated. Although the Debtor is not a party to the sale agreement between the secured creditors and Skye, the Debtor was advised that the foreclosure sale was continued to May 10, 2011. On May 9, 2011, the Debtor was advised by David Leta, counsel for the secured creditors, that the foreclosure sale was continued to May 11, 2011. On May 9, 2011, the

2

4671

Document    Page 3 of 6


Debtor was further that, if the Debtor pays a $150,000 extension fee to the senior secured creditors, they will agree to further continue the foreclosure sale to June 7, 2011, to allow more time for the sale to Skye to be consummated. See Exhibit "A" to the accompanying Declaration of David B. Golubchik ("Golubchik Declaration").

If a foreclosure sale occurs, virtually all value of the Debtor's estate will be lost, to the detriment of all creditors. As a result, an extension of the foreclosure sale is necessary, appropriate and in the best interest of the estate and all creditors. Unfortunately, the Debtor lacks funds to make the necessary payment. Skye, however, has advised the Debtor that it is willing to lend to the Debtor $150,000 on an unsecured administrative basis to make the required payment. In order to ensure prompt payment and extend the foreclosure sale, Skye has transferred the funds to counsel for the secured creditors.

As discussed above and below, the Debtor believes that the financing is appropriate and should be approved by the Court. Based on the fact that this is an urgent situation, and in order to provide maximum notice to parties in interest, on May 9, 2011, the Debtor sent an email to the Creditors' Committee in the Debtors' jointly-administered cases, the Equity Committee in Copper King's case and Nevada Star to disclose the proposed transaction and seek consents to the foregoing. See Exhibit "B" to the Golubchik Declaration. As set forth in Exhibits "C" and "D" to the Golubchik Declaration, both Creditors' Committee and Equity Committee both consent to the proposed financing. Nevada Star has not responded.

In the event that the Court cannot approve such financing on a final basis, based on the consents of both committees, the Debtor respectively requests that the Court approve the

4671

Motion on an interim basis, without a hearing, and, if necessary, schedule a hearing to consider final approval of the Motion in the future.

## II.

## COMPLIANCE WITH RULE 4001

Pursuant to Rule 4001 of the Federal Rules of Bankruptcy Procedure, Debtors hereby provide the following disclosures with respect to the Loan:

| Material Provision | Brief Summary |
|---|---|
| Borrower | Debtor |
| Lender | Skye Minerals, LLC |
| Regular Interest Rate | N/A |
| Default Interest Rate | N/A |
| Fees And Expenses | N/A |
| Maturity | N/A |
| Liens, Collateral, And Priority<br><br>Bankruptcy Rule 4001(c)(1)(B)(i), (vii) & (xi)<br><br>Local Rule 4001-2 (a)(1)(D) and (G) | N/A |
| Events of Default | N/A |
| Automatic Stay<br><br>Bankruptcy Rule 4001(c)(1)(B)(iv) | N/A |
| Profession-al And Statutory Fee Carve-Out<br><br>Section 506(c) Waiver<br><br>Bankruptcy Rule 4001(c)(1)(B)(x)<br><br>Local Rule 4001-2 (a)(1)(B) | N/A |
| Indemnification<br><br>Bankruptcy Rule 4001(c)(1)(B)(ix) | N/A |

4

4671

## III.

## ARGUMENT

Pursuant to Bankruptcy Code § 364(b), the Debtor requests authority to obtain $150,000 of post-petition financing from Skye, with such loan to be entitled to administrative priority treatment, on par with all other Chapter 11 administrative expenses. Such funding is necessary to make the extension fee payment to the secured creditors to continue the foreclosure sale to June 7, 2011. Unless payment is made by May 10, 2011, the foreclosure is scheduled to occur on May 11, 2011. If a foreclosure occurs, virtually all value of the Debtor's estate will be lost, to the detriment of all creditors herein. On the other hand, if the financing is approved, the foreclosure sale will be extended to June 7, 2011 and the secured creditors and Skye will have additional time to consummate their sale transaction, at the conclusion of which the stay provisions of Section 362(a) will be reinstated as to the Debtor's assets. The Debtor believes that the foregoing justifies approval of the Motion and the financing.

///

///

///

///

///

///

///

///

4671

## IV.

## CONCLUSION

**WHEREFORE**, Debtor respectfully requests that this Court: (1) approve the Motion in its entirety; (2) authorize the Debtor to borrow $150,000 from Skye on an unsecured Chapter 11 administrative basis; and (3) grant such other and further relief as the Court deems just and proper.

Dated: May 6, 2011

        **LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.**

        By:  */s/ Krikor J. Meshefejian*
            Martin J. Brill
            David B. Golubchik
            Krikor J. Meshefejian
            Reorganization Counsel for
            Chapter 11 Debtors and Debtors in Possession

        **DION-KINDEM & CROCKETT**

        By:  */s/ Steven Skirvin*
            Steven Skirvin
            Local Counsel for
            Chapter 11 Debtors and Debtors in Possession

4671