MARTIN J. BRILL (Calif. Bar No. 53220) mjb@lnbyb.com
DAVID B. GOLUBCHIK (Calif. Bar No. 185520) dbg@lnbyb.com
KRIKOR J. MESHEFEJIAN (Calif. Bar No. 255030) kjm@lnbyb.com
**LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.**
10250 Constellation Blvd., Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
*Reorganization Counsel for Chapter 11 Debtors and Debtors-in-Possession*

STEVEN R. SKIRVIN (Utah Bar No. 7626)
**DION-KINDEM & CROCKETT**
10808 S. River Front Parkway, Suite 334
South Jordan, UT 84095
Telephone: (801) 984-8045
Facsimile: (801) 984-4315
Email: srs@dkclaw.com
*Local Counsel for Chapter 11 Debtors and Debtors-in-Possession*

## IN THE UNITED STATES BANKRUPTCY COURT
## DISTRICT OF UTAH

| | |
|---|---|
| In re: | Bankruptcy No. 10-29159 WTT |
| WESTERN UTAH COPPER COMPANY, et al., | Chapter 11 |
| Debtors and Debtors in Possession. | (Jointly Administered with Case No. 10-30002 WTT) |
| | Honorable William T. Thurman |
| | **Filed Electronically** |

### DECLARATION OF DAVID B. GOLUBCHIK IN SUPPORT OF DEBTOR'S EMERGENCY MOTION FOR AUTHORITY TO OBTAIN FINANCING ON AN <u>UNSECURED ADMINISTRATIVE BASIS</u>

1

4671

I, David B. Golubchik, hereby declare:

1.  I am a partner of the law firm of Levene, Neale, Bender, Yoo & Brill L.L.P. ("LNBYB"), general bankruptcy counsel to Western Utah Copper Company ("Debtor"), one of the debtors and debtors in possession in the above-referenced jointly administered bankruptcy cases. I am one of the attorneys at LNBYB primarily responsible for representing the Debtor. I am also the primary attorney at LNBYB who has been in communications with various parties relevant to the Debtor's Emergency Motion For Authority To Obtain Financing On An Unsecured Administrative Basis (the "Motion"), which is supported by this Declaration.

2.  I have personal knowledge of the facts set forth herein and could and would competently testify as to these facts.

3.  On February 24, 2011, this Court entered an order ("Order") approving a settlement agreement (the "Agreement") between the Debtor and certain secured creditors. [Docket No. 575]. Pursuant to the Agreement, relief from the automatic stay was granted immediately with a foreclosure sale scheduled for May 2, 2011 unless certain perquisites for an extension or cancellation occurred. The Debtor had the right to purchase an extension of the foreclosure sale if the Debtor pays to the secured creditors $150,000 not later than March 1, 2011. The Debtor was unable to effectuate a payoff or pay the extension fee and, therefore, a foreclosure sale was scheduled for May 2, 2011.

4.  Based on my discussions with certain third parties, I understand that an entity known as Skye Minerals, LLC ("Skye") entered into an agreement with the secured creditors to purchase the secured debt. Pursuant to the Order, once the secured debt is purchased, the automatic stay will be reinstated. Although the Debtor is not a party to the sale agreement between the secured creditors and Skye, and has not received any sale documents related thereto, I was advised by David Leta, counsel for the secured creditor,

2

4671

that the foreclosure sale was continued to May 10, 2011. On May 9, 2011, I received another email from Mr. Leta that the foreclosure sale was continued to May 11, 2011. On May 9, 2011, I was further advised by Mr. Leta that, if the Debtor pays a $150,000 extension fee to the senior secured creditors, they will agree to further continue the foreclosure sale to June 7, 2011, to allow more time for the sale to Skye to be consummated. A true and correct copy of Mr. Leta's email to me is attached hereto as Exhibit "A".

5. If a foreclosure sale occurs, I believe that virtually all value of the Debtor's estate will be lost, to the detriment of all creditors. As a result, an extension of the foreclosure sale is necessary, appropriate and in the best interest of the estate and all creditors. Unfortunately, the Debtor lacks funds to make the necessary payment. Skye, however, has advised me through my discussions with David V. Richards and David J. Richards, that it is willing to lend to the Debtor $150,000 on an unsecured administrative basis to make the required payment. In order to ensure prompt payment and extend the foreclosure sale, I was advised that Skye has transferred the funds to counsel for the secured creditors.

6. Based on the fact that this is an urgent situation, and in order to provide maximum notice to parties in interest, on May 9, 2011, I sent an email to the Creditors' Committee in the Debtors' jointly-administered cases, the Equity Committee in Copper King's case and Nevada Star to disclose the proposed transaction and seek consents to the foregoing. A true and correct copy of my email is attached hereto as Exhibit "B". As set forth in those certain emails, true and correct copies of which are attached hereto as Exhibits "C" and "D", both Creditors' Committee and Equity Committee both consent to the proposed financing. Notice should be taken that while the Equity Committee requested from the Debtor copies of the sale documents, as discussed previously in Court in response to the Equity Committee's Rule 2004 Motion and again above, the secured creditors and

Skye have not provided us with any document with respect to the sale transaction. Nevada Star has not responded.

7.  In the event that the Court cannot approve such financing on a final basis, based on the consents of both committees, I believe that it would be appropriate for the Court approve the Motion on an interim basis, without a hearing, and, if necessary, schedule a hearing to consider final approval of the Motion in the future.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge. Executed this 6th day of May 2011.

DAVID B. GOLUBCHIK

# EXHIBIT A

## David B. Golubchik

**From:** Leta, David [dleta@swlaw.com]
**Sent:** Monday, May 09, 2011 11:04 AM
**To:** David B. Golubchik
**Cc:** 'David V. Richards'; David J. Richards; 'Rob Reynolds'
**Subject:** WUCC - Skye - Foreclosure extension - related closing issue

David:

This is to inform the Debtor that, on behalf of the First Lien Lenders, and pursuant to Section 11 of that certain First Amended Settlement Agreement between WUCC and the First Lien Lenders entered into as of February 2, 2011 ("Settlement Agreement"), the pending First Lien Lenders' foreclosure sale, currently scheduled for Wednesday, May 11, 2011, will be extended to June 7, 2011 by payment on or before May 10, 2011, to Snell & Wilmer of the $150,000 extension fee under of the Settlement Agreement.

In addition, under Section 10(a) of the Settlement Agreement, one of the conditions for a sale of the loans is the dismissal, with prejudice as to all defendants, of pending Adversary Proceeding No. 2:10-cv-01039TS, entitled *Western Utah Copper Company v. Bridge Loan Capital Fund, LP, et al.* Will the Debtor submit a stipulation for dismissal into escrow with the Escrow Agent for the transaction between the Secured Creditor and Skye to facilitate the closing, with the understanding that if the closing does not occur on or before June 6, 2011, then the dismissal papers will be returned by the Escrow Agent to you. Please advise.

Thank you.

---

**David E. Leta**
Snell & Wilmer
_____L.L.P._____
15 West South Temple, Suite 1200; Beneficial Life Tower; Salt Lake City, Utah 84101-1547;
(801) 257-1928 (direct), x 1900 (main), x1800 (facsimile), 801-560-LETA (5382) (mobile)
www.swlaw.com ; dleta@swlaw.com

Phoenix / Tucson / Los Angeles / Costa Mesa / Denver / Salt Lake City / Las Vegas / Los Cabos

*Note: This communication is intended only for the designated recipients, and may contain confidential or privileged information. If you are not a designated recipient, please disregard this communication, and contact the sender immediately. Circular 230 Disclaimer: To ensure compliance with Treasury Regulations governing written tax advice, please be advised that any tax advice included in this communication, including any attachments, is not intended, and cannot be used, for the purpose of (a) avoiding any federal tax penalty or (b) promoting, marketing, or recommending any transaction or matter to another person. Thank you.*

please consider the environment before printing this e-mail

# EXHIBIT B

Please help reduce paper and ink usage. Print only if necessary.

**From:** David B. Golubchik [mailto:DBG@lnbyb.com]
**Sent:** Monday, May 09, 2011 9:58 AM
**To:** J. Thomas Beckett; mroeschenthaler@mcquirewoods.com; Freedlander, Mark E.; sdougherty@aklawfirm.com; Hunt, Peggy; David E. Leta; Cayton, Laurie (USTP); maudsley@chapman.com; Jarvis, Annette; David J. Richards; David V. Richards
**Cc:** Martin J. Brill; Krikor J. Meshefejian; Steve Skirvin; John Bryan; macVP (David McMullin)
**Subject:** WUCC

Counsel,

The foreclosure sale of WUCC's assets was continued to May 10, 2011, which is tomorrow. The sale to Skye has not yet closed and, we are told, they need more time to close the transaction. I have been advised that the senior secured creditors are willing to extend the foreclosure sale for one (1) month (June 10, 2011) provided that an extension fee of $150,000 is paid to them by WUCC. Altus or its related entity has agreed to lend the money to WUCC on an administrative priority basis and, to avoid delays, pay the $150,000 directly to the senior secured creditors on WUCC's behalf to avoid delays. We will be filing a motion seeking such approval and requesting an order (even if on an interim basis) today. I would like to advise the Court as to the constituents' positions. If there are no objections to granting to Altus or its related entity a Chapter 11 administrative claim in the amount of $150,000 for such advance, I will let the Court know and it will make the process smoother. There will be no other terms or protections – simply a Chapter 11 administrative claim that will be entitled to the same treatment as all other Chapter 11 administrative claims.

Please advise.

Thank you

**DAVID B. GOLUBCHIK**, Esq.

**LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.**
10250 Constellation Blvd.  |  Suite 1700  |  Los Angeles, CA  90067
Phone  310 229 1234  |  Direct  310 229 3393  |  Fax  310 229 1244
dbg@lnbyb.com  |  www.lnbyb.com

The preceding E-mail message is subject to Levene, Neale, Bender, Yoo & Brill L.L.P.'s email policies which can be found at http://www.lnbyb.com/disclaimers.htm.

Please consider the environment before printing this email

5/10/2011

# EXHIBIT C

## David B. Golubchik

**From:** Roeschenthaler, Michael J. [MRoeschenthaler@mcguirewoods.com]
**Sent:** Monday, May 09, 2011 10:46 AM
**To:** David B. Golubchik; J. Thomas Beckett; Freedlander, Mark E.; sdougherty@aklawfirm.com; hunt.peggy@dorsey.com; David E. Leta; Cayton, Laurie (USTP); maudsley@chapman.com; Jarvis.Annette@dorsey.com; David J. Richards; David V. Richards
**Cc:** Martin J. Brill; Krikor J. Meshefejian; Steve Skirvin; John Bryan; macVP (David McMullin)
**Subject:** RE: WUCC

David,

The creditors' committee supports your proposal.

Thank you,
Mike Roeschenthaler

---

**From:** David B. Golubchik [mailto:DBG@lnbyb.com]
**Sent:** Monday, May 09, 2011 11:58 AM
**To:** J. Thomas Beckett; Roeschenthaler, Michael J.; Freedlander, Mark E.; sdougherty@aklawfirm.com; hunt.peggy@dorsey.com; David E. Leta; Cayton, Laurie (USTP); maudsley@chapman.com; Jarvis.Annette@dorsey.com; David J. Richards; David V. Richards
**Cc:** Martin J. Brill; Krikor J. Meshefejian; Steve Skirvin; John Bryan; macVP (David McMullin)
**Subject:** WUCC

Counsel,

The foreclosure sale of WUCC's assets was continued to May 10, 2011, which is tomorrow. The sale to Skye has not yet closed and, we are told, they need more time to close the transaction. I have been advised that the senior secured creditors are willing to extend the foreclosure sale for one (1) month (June 10, 2011) provided that an extension fee of $150,000 is paid to them by WUCC. Altus or its related entity has agreed to lend the money to WUCC on an administrative priority basis and, to avoid delays, pay the $150,000 directly to the senior secured creditors on WUCC's behalf to avoid delays. We will be filing a motion seeking such approval and requesting an order (even if on an interim basis) today. I would like to advise the Court as to the constituents' positions. If there are no objections to granting to Altus or its related entity a Chapter 11 administrative claim in the amount of $150,000 for such advance, I will let the Court know and it will make the process smoother. There will be no other terms or protections – simply a Chapter 11 administrative claim that will be entitled to the same treatment as all other Chapter 11 administrative claims.

Please advise.

Thank you

**DAVID B. GOLUBCHIK**, Esq.

**LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.**
10250 Constellation Blvd.  |  Suite 1700  |  Los Angeles, CA  90067
Phone  310 229 1234  |  Direct  310 229 3393  |  Fax  310 229 1244
dbg@lnbyb.com  |  www.lnbyb.com

The preceding E-mail message is subject to Levene, Neale, Bender, Yoo & Brill L.L.P.'s email policies which can be found at http://www.lnbyb.com/disclaimers.htm.

Please consider the environment before printing this email

# EXHIBIT D

**David B. Golubchik**

| | |
|---|---|
| **From:** | hunt.peggy@dorsey.com |
| **Sent:** | Monday, May 09, 2011 6:15 PM |
| **To:** | David B. Golubchik; TBeckett@parsonsbehle.com; mroeschenthaler@mcguirewoods.com; MFreedlander@mcguirewoods.com; sdougherty@aklawfirm.com; dleta@swlaw.com; Laurie.Cayton@usdoj.gov; maudsley@chapman.com; jarvis.annette@dorsey.com; djr@n8medical.com; dvrichards@empireadvisorsllc.com |
| **Cc:** | Martin J. Brill; Krikor J. Meshefejian; srs@dkclaw.com; jbryan@watley.com; macvp@scinternet.net; cummings.scott@dorsey.com; dawsonchuck@hotmail.com |

**Subject:** RE: WUCC

David,

Based on the information provided below, the Equity Committee will not object to the relief that the Debtors intend to seek at this time. I just looked at the docket, and it does not appear that the motion was filed. Will it be filed tonight?

On April 28, 2011, the Debtors represented to the Court that the Debtors had not been granted an extension, continuance or amendment of the May 2nd deadline provided for in the agreement. Based on this email, I take it that this is no longer the case and that the Debtors now have documents and communications related to this extension. Please provide any and all such items to the Equity Committee as soon as possible.

Furthermore, given that the estate is now taking on $150,000 in administrative expense to fund an extension of the foreclosure sale deadline pending a purchase agreement of the Secured Lending Group's claims, I assume that the Debtors now have information about the purchase agreement. The Equity Committee also requests that prior to any hearing on the noted motion that (a) the Debtors inform the Equity Committee of what they know about the status of this agreement, and (b) provide copies of any and all documents, including all relevant communications, that the Debtors have related to agreement.

Thanks.

**Peggy Hunt**
Partner

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

WWW.DORSEY.COM :: SALT LAKE CITY :: BIO :: V-CARD

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

**DORSEY & WHITNEY LLP**
136 South Main Street, Suite 1000
Salt Lake City, UT 84101-1685
P: 801.933.8947  F: 801.933.7373

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

CONFIDENTIAL COMMUNICATION
E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof. Thank you.