MARTIN J. BRILL (Calif. Bar No. 53220) mjb@lnbyb.com
DAVID B. GOLUBCHIK (Calif. Bar No. 185520) dbg@lnbyb.com
KRIKOR J. MESHEFEJIAN (Calif. Bar No. 255030) kjm@lnbyb.com
**LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.**
10250 Constellation Blvd., Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
*Reorganization Counsel for Chapter 11 Debtors and Debtors-in-Possession*

STEVEN R. SKIRVIN (Utah Bar No. 7626)
**DION-KINDEM & CROCKETT**
10808 S. River Front Parkway, Suite 308
South Jordan, UT  84095
Telephone: (801) 984-8045
Facsimile: (801) 984-4315
Email: srs@dkclaw.com
*Local Counsel for Chapter 11 Debtors and Debtors-in-Possession*

## IN THE UNITED STATES BANKRUPTCY COURT
## DISTRICT OF UTAH

| | |
|---|---|
| In re: | Bankruptcy No. 10-29159 WTT |
| WESTERN UTAH COPPER COMPANY, et al., | Chapter 11 |
| Debtors and Debtors in Possession. | (Jointly Administered with Case No. 10-30002 WTT) |
| | Honorable William T. Thurman |
| | **Filed Electronically** |

**DEBTOR'S MOTION FOR AUTHORITY TO OBTAIN FINANCING ON A SENIOR SECURED BASIS PURSUANT TO 11 U.S.C. § 364 AND RULE 4001 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

1

Western Utah Copper Company (the "Debtor") hereby moves (the "Motion") for entry of an order authorizing the Debtor to borrow up to $2,422,750 (the "DIP Loan") from Skye Mineral Partners, LLC ("Skye") for the expenses enumerated in Exhibit "1" attached hereto. Of that amount, the Debtor needs to borrow approximately $36,400 on an emergency basis (the "Interim Approval Amount"), on or before June 27, 2011, in order to pay the following expenses which are due to be paid immediately:

    a. Utility expenses in the total amount of $11,500, which must be paid on or before June 27, 2011;

    b. Payroll expenses in the total amount of $16,000, for June 2011; and

    c. Security expenses in the total amount of $8,900 for which funding is needed immediately to ensure that security services for the Debtor are not discontinued.

Skye is willing to fund the DIP Loan on a senior secured basis with a priming lien on all of the Debtors' assets, except avoidance claims and causes of action (11 U.S.C. §§ 544-551), and except any collateral in which Republic Bank has a lien.

The Debtor's failure to pay the expenses discussed above and in Exhibit "1" within the timeframes set forth will cause an immediate and irreparable harm to the estate.

    a. If payroll payments are not made, the Debtor's employees may quit and the Debtor would be unable to continue with its minimal level of operations and with asset preservation without incurring significant expenses attempting to replace employees who have left due to nonpayment of payroll.

    b. If security expenses are not paid, the Debtor's assets will not be monitored and secured.

  c. If utility payments are not made to Rocky Mountain Power, utility services will be shut off and the Debtor will be forced to incur significant expenses in reinstituting utility services.

  d. If the Debtor does not have funds to cure monetary defaults upon leases that the Debtor intends to assume, the Debtor will be unable to preserve such leases for the benefit of the estate.

  e. If the Debtor does not pay its reclamation bond permit in the amount of $1,600,000, the Debtor will be in severe jeopardy of losing its mining permits, and the loss of its mining permits will be disastrous to the Debtor's reorganization efforts and business operations.

 Accordingly, the Debtor is in need of immediate approval of the Interim Approval Amount pending a final hearing on the DIP Loan, and ultimately, approval of the DIP Loan on a final basis.

 The Debtor believes that the DIP Loan is necessary and proper in light of the circumstances in this case. No other financing has been made available to the Debtor, and the DIP Loan is needed to ensure that the value of the Debtor's estate is preserved and realized. As the Court is aware, the Debtor has obtained debtor-in-possession financing on multiple occasions during the pendency of its Chapter 11 case. Such post-petition financing has been previously obtained in two forms. Primarily, the Debtor has obtained such financing on a senior secured and super-priority basis, similar to the terms and conditions proposed herein. The Debtor has also obtained authority to borrow on a super-priority administrative claim basis, but such financing is not currently available to the Debtor. Accordingly, at this time, funding on terms and conditions better than those of the DIP Loan proposed herein are not available. The Debtor does not believe that any party will object to the Motion, and that all existing lienholders whose liens are proposed to be primed pursuant

to the DIP Loan will consent to the request being made by the Debtor in the Motion. Indeed, for the most part, the existing lienholders on the assets to be primed are Skye, and Skye's affiliates that have loaned funds to the Debtor during this bankruptcy case. Skye is the proposed lender herein. For the reasons discussed herein, the Debtor submits that the Motion should be granted.

## COMPLIANCE WITH RULE 4001

Pursuant to Rule 4001 of the Federal Rules of Bankruptcy Procedure, the Debtor hereby provides the following disclosures with respect to the Loan:

| Material Provision | Brief Summary |
| --- | --- |
| Borrower | Debtor |
| Lender | Skye Mineral Partners, LLC |
| Regular Interest Rate | 12.99% per annum, compounded monthly, prior to default, and increased by 5% from and after default |
| Default Interest Rate | See above |
| Fees And Expenses | N/A |
| Maturity | One year from the date of entry of a final order approving this Motion |
| Liens, Collateral, And Priority<br><br>Bankruptcy Rule 4001(c)(1)(B)(i), (vii) & (xi)<br><br>Local Rule 4001-2 (a)(1)(D) and (G) | First and Senior, Priming Lien on all of the Debtor's assets, except on avoidance claims and causes of action (11 U.S.C. §§ 544-551), and except on any collateral in which Republic Bank has a lien |
| Events of Default | Failure to pay at maturity |
| Automatic Stay<br><br>Bankruptcy Rule 4001(c)(1)(B)(iv) | N/A |
| Professional And Statutory Fee Carve-Out<br><br>Section 506(c) Waiver<br><br>Bankruptcy Rule 4001(c)(1)(B)(x) | N/A<br><br><br><br>N/A |

4

| Material Provision | Brief Summary |
|---|---|
| Local Rule 4001-2 (a)(1)(B) | |
| Indemnification Bankruptcy Rule 4001(c)(1)(B)(ix) | N/A |

**WHEREFORE**, the Debtor respectfully requests that this Court: (1) approve the Motion in its entirety; (2) authorize the Debtor to borrow the Interim Loan Amount on an interim basis; (3) authorize the Debtor to borrow the DIP Loan from Skye; and (4) grant such other and further relief as the Court deems just and proper.

Dated:  June 22, 2011

        **LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.**

By: */s/ Krikor J. Meshefejian*
    Martin J. Brill
    David B. Golubchik
    Krikor J. Meshefejian
    Reorganization Counsel for
    Chapter 11 Debtors and Debtors in Possession

        **DION-KINDEM & CROCKETT**

By: */s/ Steven Skirvin*
    Steven Skirvin
    Local Counsel for
    Chapter 11 Debtors and Debtors in Possession

# EXHIBIT "1"

## Budget for financing SSC though sept 1

### Emergency Notice--

| | | months | | Catch up | | | |
|---|---|---|---|---|---|---|---|
| Utility | | - | | $ 11,500.00 | $ | 11,500.00 | |
| Labor mill/maint +payroll tax | $ 16,000.00 | 1 | $ 16,000.00 | | $ | 16,000.00 | |
| Security + burden | $ 8,900.00 | 1 | $ 8,900.00 | | $ | 8,900.00 | |
| | | | | subtotal- | $ | 36,400.00 | |

### Regular Notice--

| | Monthly | # of months | total * months | Catch up | | TOTALS | |
|---|---|---|---|---|---|---|---|
| Geologic | $ 10,000.00 | 3 | $ 30,000.00 | $ 20,000.00 | $ | 50,000.00 | Hartshorn |
| WUCC Trustee fees | $ 2,000.00 | 3 | $ 6,000.00 | $ 1,900.00 | $ | 7,900.00 | estimated |
| Insurance | $ 160,000.00 | 1 | $ 160,000.00 | | $ | 160,000.00 | Annual Policy lapses on july 31 |
| Fuel | $ 2,500.00 | 3 | $ 7,500.00 | | $ | 7,500.00 | Road service and OTR |
| Security + burden | $ 8,900.00 | 2 | $ 17,800.00 | | $ | 17,800.00 | 2 more months |
| Lease payments (Monthly) | $ 6,000.00 | 3 | $ 18,000.00 | | $ | 18,000.00 | Other Leases july and aug |
| Lease Payments (annuals) | $ 100,000.00 | 1 | $ 100,000.00 | | $ | 100,000.00 | **McCulley Due JULY 20** |
| Utility | $12,000 | 3 | $ 36,000.00 | | $ | 36,000.00 | |
| Expenses | $ 5,000.00 | 3 | $ 15,000.00 | | $ | 15,000.00 | Travel |
| Bond Replacement state of Utah | $ 1,600,000.00 | 1 | $ 1,600,000.00 | | $ | 1,600,000.00 | Need to verify amount |
| Labor mill/maint +payroll tax | $ 16,000.00 | 2 | $ 32,000.00 | | $ | 32,000.00 | 2 more months |
| Payments to BLM (CLAIM FEES) | $ 190,000.00 | 1 | $ 190,000.00 | | $ | 190,000.00 | DUE AUGUST |
| Office and admin | $ 800.00 | 3 | $ 2,400.00 | | $ | 2,400.00 | |
| | | | | | $ | 2,236,600.00 | |

### CURES--

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| McCulley | | | | | $ | 37,500.00 | |
| KING BIRD KLONDIKE CLAIMS | | | | | $ | 3,750.00 | |
| HORN SILVER 1 | | | | | $ | 82,500.00 | |
| BEALER | | | | | $ | 5,000.00 | |
| Bogdanich (AJL) | | | | | $ | 16,500.00 | |
| | | | | Subtotal Cure | $ | 145,250.00 | Due By July 18 per the stipulation |
| | | | | | | | |
| Contingency | $ 1,500.00 | 3 | $ 4,500.00 | | $ | 4,500.00 | |
| | | | | TOTAL | $ | 2,422,750.00 | |