**The below described is SIGNED.**

**Dated: June 30, 2011**

_____
**WILLIAM T. THURMAN**
**U.S. Bankruptcy Chief Judge**

_____

[Prepared and submitted by]:
MARTIN J. BRILL (Calif. Bar No. 53220) mjb@lnbyb.com
DAVID B. GOLUBCHIK (Calif. Bar No. 185520) dbg@lnbyb.com
KRIKOR J. MESHEFEJIAN (Calif. Bar No. 255030) kjm@lnbyb.com
**LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.**
10250 Constellation Blvd., Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
*Reorganization Counsel for Chapter 11 Debtors and Debtors-in-Possession*

STEVEN R. SKIRVIN (Utah Bar No. 7626)
**DION-KINDEM & CROCKETT**
10808 S. River Front Parkway, Suite 308
South Jordan, UT 84095
Telephone: (801) 984-8045
Facsimile: (801) 984-4315
Email: srs@dkclaw.com
*Local Counsel for Chapter 11 Debtors and Debtors-in-Possession*

**IN THE UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF UTAH**

| | |
|---|---|
| In re:<br><br>WESTERN UTAH COPPER COMPANY, et al.,<br><br>Debtors and Debtors in Possession. | Bankruptcy No. 10-29159 WTT<br><br>Chapter 11<br><br>(Jointly Administered with Case No. 10-30002 WTT)<br><br>Honorable William T. Thurman<br><br>**Filed Electronically** |

**ORDER GRANTING, ON A FINAL BASIS, DEBTOR'S EMERGENCY MOTION**
**FOR AUTHORITY TO OBTAIN FINANCING ON AN UNSECURED**
<u>**ADMINISTRATIVE BASIS**</u>

1

4671

**Filed: 05/31/11**

On May 25, 2011, at 2:30 p.m., this Court held a final hearing to consider the Emergency Motion for Authority To Obtain Financing on an Unsecured Administrative Basis (the "Motion") filed by Western Utah Copper Company, one of the debtors and debtors in possession in the above-referenced jointly administered bankruptcy cases ("Debtor"). Appearances were as noted on the Court's record.

The Court, having considered the Motion, all pleadings and papers filed in respect of the Motion, proper notice of the Motion and the final hearing on the Motion having been provided, the objection to the Motion filed by Republic Bank which was subsequently withdrawn prior to the hearing, no other objections having been filed or raised at the time of the hearing on the Motion, hereby finds as follows:

A. This Court has core jurisdiction over this case, the Motion, and the parties and the property affected under this Order pursuant to 28 U.S.C. §§ 157(b) and 1334. Venue is proper before this Court pursuant to 11 U.S.C. §§ 1408 and 1409.

B. Under the circumstances, the notice given by the Debtor of the Motion and the hearing on the Motion constitutes due and sufficient notice thereof and complies with all applicable Bankruptcy Rules and the order of this Court.

C. By way of the Motion, the Debtor proposes to borrow $150,000 from Skye Mineral Partners, LLC ("Skye") to pay a fee, in the amount of $150,000, to extend the foreclosure sale of the Debtor's assets to June 7, 2011 (the "Extension Fee").

D. Approval of the Motion is crucial to the Debtor's reorganization efforts.

2

4671

E. The Debtor lacks funds in order to pay the Extension Fee and the Debtor is unable to obtain any alternative form of post-petition financing in time to make the Extension Fee payment.

F. The terms of the proposed financing, as reflected in the Motion and in this Order, are fair and reasonable, reflect the Debtor's exercise of prudent business judgment consistent with the Debtor's fiduciary duties and are supported by reasonably equivalent value and fair consideration.

G. The Debtor's need for approval of the Motion is immediate.

Based upon the foregoing findings and conclusions, and upon the record made before this Court, and good cause appearing:

**IT IS HEREBY ORDERED** as follows:

1. The Motion is granted in its entirety;

2. The Debtor is authorized to borrow from Skye, on a final basis, $150,000;

3. Skye is hereby allowed, and shall hold, a Chapter 11 administrative claim, pursuant to 11 U.S.C. § 503(b)(1), in the amount of $150,000 (the "Allowed Claim"), which Allowed Claim shall have the same priority, extent and right to payment as all other Chapter 11 administrative expense claims; and

4. This Order shall be effective from the bench as of the date of the hearing on the Motion, May 25, 2011.

***End of Order***

4671