MARTIN J. BRILL (Calif. Bar No. 53220) mjb@lnbyb.com
DAVID B. GOLUBCHIK (Calif. Bar No. 185520) dbg@lnbyb.com
KRIKOR J. MESHEFEJIAN (Calif. Bar No. 255030) kjm@lnbyb.com
**LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.**
10250 Constellation Blvd., Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
*Reorganization Counsel for Chapter 11 Debtors and Debtors-in-Possession*

STEVEN R. SKIRVIN (Utah Bar No. 7626)
**DION-KINDEM & CROCKETT**
10808 S. River Front Parkway, Suite 308
South Jordan, UT 84095
Telephone: (801) 984-8045
Facsimile: (801) 984-4315
Email: srs@dkclaw.com
*Local Counsel for Chapter 11 Debtors and Debtors-in-Possession*

**IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF UTAH**

| | |
|---|---|
| In re:<br><br>WESTERN UTAH COPPER COMPANY, et al.,<br><br>  Debtors and Debtors in Possession. | Bankruptcy No. 10-29159 WTT<br><br>Chapter 11<br><br>(Jointly Administered with Case No. 10-30002 WTT)<br><br>Honorable William T. Thurman<br><br>**Filed Electronically** |

**MOTION FOR ENTRY OF AN ORDER: (A) AUTHORIZING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS; (B) AUTHORIZING AND APPROVING ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND LEASES AND DETERMINING CURE AMOUNTS; (C) WAIVING THE 14-DAY STAY PERIODS SET FORTH IN BANKRUPTCY RULES 6004(h) AND 6006(d); AND (D) GRANTING RELATED RELIEF**

1

4671

Western Utah Copper Company ("**WUCC**") and Copper King Mining Corporation ("**CKMC**"), debtors and debtors in possession in the above-referenced jointly administered bankruptcy cases (collectively, the "**Debtors**"), submit their Motion For Entry Of An Order: (A) Authorizing The Sale Of Substantially All Of The Debtors' Assets Free And Clear Of Liens, Claims, Encumbrances And Interests; (B) Authorizing And Approving Assumption And Assignment Of Executory Contracts And Leases; And Determining Cure Amounts; (C) Waiving The 14-Day Stay Periods Set Forth In Bankruptcy Rules 6004(h) And 6006(d); And (D) Granting Related Relief" (the "**Motion**").

In summary, pursuant to the Motion, WUCC seeks to sell substantially all of its assets, including real property, personal property, intellectual property and all substantially all other property utilized in connection with WUCC's business operations to CS Mining, LLC ("**CS**"), an entity affiliated with Skye Mineral Partners, LLC ("**SMP**"), the primary secured creditor in WUCC's bankruptcy case. The specific terms of the proposed transaction, which will be subject to overbid, are set forth in the Motion and the asset purchase agreement (the "**Agreement**") attached as Exhibit "1" to the accompanying Declaration of A. John A. Bryan, Jr. The proposed transaction does not include the transfer of estate claims and causes of action, other than those which WUCC's estate may hold against CS, SMP or their related entities. The transaction is subject to overbid.

Other than Copper King's equity interest in WUCC, Copper King's bankruptcy estate consists of certain unpatented mining claims (the "**Claims**"). Pursuant to the Motion, Copper King seeks to sell such Claims to CS. Although a formal asset purchase agreement between Copper King and CS does not exist, the terms of the proposed transaction are set forth in that

certain term sheet (the "**Term Sheet**") attached as Exhibit "2" to the accompanying Declaration of A. John A. Bryan, Jr. The proposed transaction does not include the transfer of estate claims and causes of action, other than those which Copper King's estate may hold against CS, SMP or their related entities. The transaction is subject to overbid.

Pursuant to the Agreement, WUCC also seeks to assume and assign to CS certain executory contracts/unexpired leases, and establish cure amounts. A list of such executory contracts/unexpired leases, with proposed cure amounts, is attached as Exhibit "3" to the Declaration of A. John A. Bryan, Jr.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter relates to the administration of the Debtors' bankruptcy estates and is accordingly a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (G), (M) and (O). Venue of this case is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested in this Motion are Sections 105, 363 and 365 of the Title 11 of the United States Code (the "**Bankruptcy Code**"), and Rules 6004 and 6006 of the Federal Rules of Bankruptcy Procedure.

The bases for granting the relief requested in the Motion are set forth in the accompanying Memorandum of Points and Authorities in support of the Motion, the Declarations of A. John A. Bryan, Jr. and David J. Richards filed in support thereof, the entire record in these cases, and such additional information and evidence as may be presented to the Court at the date and time of hearing on the Motion.

**PARTIES SEEKING ANY DOCUMENTATION RELATED TO THIS MOTION, INCLUDING THE MEMORANDUM OF POINTS AND**

**AUTHORITIES, COPIES OF THE AGREEMENT OR TERM SHEET, OR THE DECLARATIONS, SHOULD CONTACT COUNSEL FOR THE DEBTOR WHOSE CONTACT INFORMATION APPEARS ON THE TOP LEFT HAND CORNER OF THE FIRST PAGE OF THIS MOTION.**

**WHEREFORE**, the Debtors respectfully request that the Court:

1. Grant the Motion in its entirety;

2. Authorize and approve the transactions discussed in the Motion and exhibits to the Declaration of A. John A. Bryan, Jr., including approval of sales subject to overbid;

3. Authorize and approve the assumption and assignment by WUCC of executory contracts and leases to CS on the terms set forth in the Motion, including the cure amounts set forth in the Motion;

4. Find that the agreements with respect to the sales were negotiated, proposed and entered into by the parties without collusion, in good faith and from arm's-length bargaining positions and that CS has acted in "good faith" within the meaning of Section 363(m) of the Bankruptcy Code and is a good faith buyer entitled to all of the protections afforded by that Section;

5. Order that the Court shall retain jurisdiction to resolve any controversy or claim arising out of or relating to the sale transactions;

6. Provide that the transactions contemplated by this Motion may be specifically enforced against and binding upon, and not subject to rejection or avoidance by, the Debtors or any chapter 7 or chapter 11 trustee of the Debtors;

4671

7.      Provide that the terms and provisions of the sale documents and the Order approving the sale documents shall be binding in all respects upon all persons, including, but not limited to, the Debtor and its estates and creditors and all governmental bodies;

8.      Waive the 14-day period provided for in the Federal Rules of Bankruptcy Procedure 6004(h) and 6006 (d); and

9.      Grant such other and further relief as the Court deems just and proper.

Dated: July 15, 2011

**LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.**

By: */s/ Krikor J. Meshefejian*
Martin J. Brill
David B. Golubchik
Krikor J. Meshefejian
Reorganization Counsel for
Chapter 11 Debtors and Debtors in Possession

**DION-KINDEM & CROCKETT**

By: */s/ Steven Skirvin*
Steven Skirvin
Local Counsel for
Chapter 11 Debtors and Debtors in Possession